UNITED STATES of America, Appellee,

v.

Kevin Rene BARTON, Appellant.

No. 90–2670.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1991.

Decided Nov. 21, 1991.

John T. Yarbrough, St. Louis, Mo., for appellant.

Michael Fagan, St. Louis, Mo., argued (Stephen B. Higgins, Michael K. Fagan and Sam C. Bertolet, on brief), for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

The district court calculated Kevin Rene Barton's base offense level by adding the amount of drugs involved in his offense of conviction, which occurred in 1989, with the amount of drugs involved in a conviction in 1983. The district court calculated the offense level in this way after determining that Barton's offense of conviction and his 1983 offense were part of the "same course of conduct" under section 1B1.3(a)(2) of the guidelines. Barton claims that the circumstances surrounding the 1983 offense are factually and temporally distinct from his present offense and thus should not be used to calculate his base offense level. We remand for resentencing.

## I. BACKGROUND

Barton was arrested in June 1989 after an accomplice attempted to sell nine kilograms of marijuana to undercover police officers. Following Barton's arrest, police officers searched his home and discovered nineteen more kilograms of marijuana and 2.03 grams of cocaine. Barton was indicted on ten counts of criminal conduct and pleaded guilty to two: possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a), and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2).

During the investigation of Barton's drug dealings, law enforcement officers learned that Barton had been convicted by the state of Illinois in July 1983 for possession of 45.3 kilograms of marijuana. (Barton received thirty months probation for the offense.) The investigation also re-

vealed evidence that Barton had been involved in the distribution of marijuana from the time he was convicted in 1983 until his arrest again in 1989. Evidence showed, for example, that Barton had accomplices during this time who acted as lower-level distributors of marijuana, that Barton's brother sometimes stored marijuana for him, and that Barton's expenditures during this six-year period far exceeded his legitimate income.

At Barton's sentencing hearing, the district court followed the recommendation of the probation officer and ruled that, pursuant to section 1B1.3(a)(2) of the guidelines, Barton's offense in 1983 was part of the same "course of conduct" as the June 1989 marijuana offense. See Transcript of Sentencing Hearing, at 48–49. Thus, to determine Barton's base offense level on the marijuana count, the district court added the amount of marijuana involved in the 1983 offense (45.3 kilograms) to the amount of drugs involved in the 1989 offense (28 kilograms marijuana; 2.03 grams cocaine) and assigned Barton a base offense level of twenty-two, according to the Drug Quantity Table of section 2D1.1(c). At the conclusion of the sentencing hearing, the district court sentenced Barton to 120 months on the drug charge and 136 months on the money laundering charge, to be served concurrently.

## II. DISCUSSION

Barton argues on appeal that the marijuana involved in his 1983 conviction should not be used to calculate his base offense level because his conduct in 1983 is neither "sufficiently similar" to nor within "temporal proximity" of his offense of conviction in 1989. See United States v. Lawrence, 915 F.2d 402, 406–08 (8th Cir.1990) (whether conduct is in the "same course of conduct" under section 1B1.3(a)(2) determined by similarity and temporal proximity); see, e.g., United States v. Santiago, 906 F.2d 867, 872 (2nd Cir.1990) (eight to fourteen months not too long considering the similar character of the conduct). We are inclined to agree with Barton—his conduct in 1983 *is* too distant and dissimilar—

but we do not decide Barton's case along the lines of this nebulous test, for the conduct which resulted in Barton's 1983 conviction is simply not of the type contemplated by section 1B1.3(a)(2) and the district court has misapplied the guidelines.

Section 1B1.3(a)(2) of the guidelines provides that the base offense level for offenses "of a character for which § 3D1.2(d) would require grouping of multiple counts" (Barton's marijuana offense is of this type) is to be determined on the basis of "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Although the language of this guideline and the commentary that accompanies it do not expressly forbid the sentencing calculations of the district court in Barton's case, we are confident that the words "all such acts and omissions" were not intended by the drafters of the guidelines to include Barton's previous conviction. *See generally* William W. Wilkins, Jr. & John R. Steer, "Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines," 41 S.C.L.Rev. 495, 513–17 (1990) (article by Chairman and General Counsel of the Sentencing Commission explaining the purpose and principles of section 1B1.3, including a few pages on subsection (a)(2)). The commentary to section 1B1.3 alludes to the limited scope of subsection (a)(2): " 'Such acts and omissions,' ... refers to acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be *otherwise accountable.*" U.S.S.G. § 1B1.3, comment. (n. 2) (emphasis added). Under no circumstances could Barton now be criminally liable or "accountable" in 1989 for the conduct that resulted in his conviction in 1983. Thus Barton's actions in 1983 cannot be considered "part of the same course of conduct" as his offense of conviction in 1989.

 Furthermore, the district court's calculation of Barton's sentence is at variance with the guidelines' basic approach of separating the nature and circumstances of the offense from the history and characteristics of the offender. The district court should have considered Barton's 1983 conviction in its calculation of Barton's criminal history category—not Barton's offense level.

## III. CONCLUSION

For the reasons stated, this case is remanded to the district court for resentencing.