16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Kevin Rene BARTON, Appellant.
 No. 92-3900.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 19, 1993.
Filed: January 11, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kevin Rene Barton appeals the sentence imposed by the district court following our remand in United States v. Barton, 949 F.2d 968 (8th Cir. 1991). We affirm.
 
 
 2
 In June 1989 Barton was arrested after an accomplice attempted to sell nine kilograms of marijuana to an undercover police officer. After Barton was arrested, police discovered nineteen more kilograms of marijuana and 2.03 grams of cocaine in his home. Id., 949 F.2d at 969.
 
 
 3
 Pursuant to a June 4, 1990 plea agreement, Barton pleaded guilty to one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a), and one count of money laundering, in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i), (a)(2). The plea agreement provided that Barton possessed 19 kilograms of marijuana and that he had laundered $40,000. The plea agreement also provided that "[t]he undersigned Assistant United States Attorney represents that neither we nor the Internal Revenue Service case agent assigned to this prosecution have any present intent or plan to summon ... Barton before a Grand Jury nor have they any present intent or plan to seek imposition of additional federal tax assessments against [Barton]." At the change of plea hearing, the parties recognized that the IRS had already filed a tax assessment for the year 1989 against Barton, but they agreed that the government would not seek any additional tax assessments against Barton. The parties also agreed "that in exchange for the forfeiture of $46,430 ... the government will release the property" in Crawford County to Barton's father. On June 30, 1989, the IRS assessed $33,822.76 in taxes for the taxable period from January 1, 1989 through June 23, 1989. On June 12, 1990, after Barton pleaded guilty, the IRS increased the tax assessment for 1989 to $40,686 and imposed a $1,761 penalty.
 
 
 4
 At Barton's first sentencing, the government did not put on any drug-quantity evidence and the district court calculated Barton's base offense level by adding the uncontested amount of drugs involved in the instant offense (28 kilograms of marijuana and 2.03 grams of cocaine) with 45.3 kilograms of marijuana that Barton was convicted of possessing in 1983. The court concluded that both amounts should be included because the offenses were part of the "same course of conduct" under U.S.S.G. Sec. 1B1.3(a)(2). The court enhanced the base offense level by two for possession of a firearm, four for his role in the offense, and two for obstruction of justice. The court sentenced Barton to consecutive sentences of 120 months for the possession charge and 136 months for the money laundering charge. Barton, 949 F.2d at 969. Barton appealed, arguing that "the circumstances surrounding the 1983 offense [were] factually and temporally distinct from his present offense and thus should not [have been] used to calculate his base offense level." Id. We agreed and remanded the case to the district court for resentencing. Id. at 970.
 
 
 5
 At the second sentencing, Barton reiterated his on-going objection that the judge should recuse himself, and that the court lacked personal jurisdiction over him. Barton also argued that the government violated the plea agreement by failing to notify the IRS of the agreement; by failing to stop IRS actions to collect the 1989 assessment; and by allowing the IRS to place a tax lien for the 1989 assessment against the Crawford County property that was released to Barton's father. The government argued that the plea agreement allowed the IRS to continue with the 1989 assessment, and that "any assessment proceedings for any other years [were] terminated." The court held that there was not sufficient factual information to indicate that the government had breached its agreement, but specifically stated that Barton could file post-sentencing motions with regard to this matter if he felt that the IRS violated the plea agreement by filing the additional assessment or by placing a lien on the Crawford County property.
 
 
 6
 The government also presented extensive evidence regarding the quantity of drugs that should be attributed to Barton and the enhancements recommended in the PSR. The court found that there was reliable evidence to show that Barton was responsible for selling 91.8 kilograms of marijuana, resulting in a base offense level of 24. The court also found that the base offense level was subject to a two-level enhancement for obstruction of justice because the evidence supported the conclusion that Barton forcefully told at least two witnesses not to cooperate with the government; a four-level enhancement because Barton was the supervisor or manager of criminal activity involving five or more participants (Paul Michael Barton, Thomas McCaffrey, George Kadich, Elise Waters, and Henry Roth); a two-level enhancement because dangerous weapons Barton possessed during the commission of the offense; and a two-level reduction for acceptance of responsibility. As a result, Barton's total offense level was 30 with a criminal history category of I, resulting in a Guidelines range of 97 to 121 months. The court sentenced Barton to two concurrent 109-month terms of imprisonment, to be followed by one four-year term of supervised release and one three-year term of supervised release to be served concurrently. Barton appeals.
 
 
 7
 Barton's first argument is that the district court lacked personal jurisdiction over him because he was arrested without a warrant and without probable cause. Barton waived his right to challenge the constitutional legitimacy of his arrest when he pleaded guilty. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam). See also Tollett v. Henderson, 411 U.S. 258, 267 (1972); Smith v. United States, 876 F.2d 655 (8th Cir.), cert. denied, 493 U.S. 869 (1989). We reject Barton's illusory attempt to circumvent the waiver and challenge the constitutionality of his arrest. As a result, we also reject Barton's second argument, that the district court erred in failing to hold an evidentiary hearing to determine the merits of his first argument.
 
 
 8
 Barton's third argument on appeal is that the district court erred by allowing the government to introduce evidence concerning drug quantity and the amount of money seized when the plea agreement set forth the amounts to which the parties agreed. Barton argues that the district court and the government were bound by the plea agreement. We conclude that this argument lacks merit for two reasons. First, we can find no indication of a promise by the government to limit the drug quantity or amount of money seized to the facts listed in the stipulations. Second, we have already held that a sentencing court is not bound by stipulations entered into by a defendant and the United States in conjunction with a plea agreement, and the court is allowed to determine facts relevant to sentencing with the aid of the PSR. See United States v. Westerman, 973 F.2d 1422, 1426 (8th Cir. 1992). We also agree with the district court that Barton has failed to present sufficient evidence to prove that the government has not abided by its agreement to stop further tax actions.
 
 
 9
 Barton's fourth argument is that the district court erred in imposing a two-level enhancement for obstruction of justice, a two-level enhancement for possession of a firearm, and a four-level enhancement for Barton's leadership role. We conclude that the district court's decision to apply these three enhancements was not clearly erroneous. See United States v. Mills, 987 F.2d 1311, 1316-17 (8th Cir.) (role in the offense and obstruction of justice), cert. denied, U.S.L.W. (U.S. Nov. 1, 1993) (No. 93-5943); United States v. Wiley, 997 F.2d 378, 386 (8th Cir.) (possession of firearm), petition for cert. filed, 62 U.S.L.W. 3275 (U.S. Sept. 27, 1993) (No. 93-506). IRS agent Peggy Devine testified that several witnesses were told by Barton not to cooperate with the government, and several weapons were seized from the house where the drugs were found. Devine also testified that McCaffrey, Waters, Kadich, Roth, and Barton's brother were all involved in either distribution of the marijuana or laundering the money.
 
 
 10
 Barton's final argument is that the district court erred by allowing the government to put on evidence that it could have put on at his first sentencing, in violation of his double jeopardy rights. In Barton, this court held that "the district court misapplied the guidelines." Barton, 949 F.2d at 970. Barton's original sentence, therefore, was vacated on a point of law, not because of an insufficiency of the evidence. As a result, under normal double jeopardy analysis, " 'the slate [was] wiped clean,' " Palmer v. Grammer, 863 F.2d 588, 591 (8th Cir. 1988) (quoting Bullington v. Missouri, 451 U.S. 430, 442 (1981)), and the Double Jeopardy Clause is inapplicable. Id.
 
 
 11
 Accordingly, we affirm.