30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Blas CAMILO, Defendant, Appellant.
 No. 94-1099
 United States Court of Appeals,
First Circuit.
 August 8, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Joseph A. DiClerico, Jr., U.S. District Judge ]
 Jean B. Weld, Assistant United States Attorney, with whom Paul M. Gagnon, United States Attorney, was on brief, for the United States.
 D.N.H.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before Torruella, Selya, and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We have carefully reviewed the record on appeal and discern no breach by the government of the plea agreement between it and the defendant. We likewise find no hint that the district court violated the representations it made to the defendant at the change-of-plea hearing. Consequently, there is no cognizable basis for defendant's request that he be permitted to withdraw his guilty plea.
 
 
 2
 Defendant's remaining assignments of error pertain to the imposition of sentence. The situation in this respect is clouded by two recent developments. For one thing, the Probation Office's policy in connection with a matter material to the computation of drug quantity for purposes of imposing mandatory minimum sentences has changed significantly. For another thing, the Second Circuit decided United States v. Darmand, 3 F.3d 1578, 1581 (2d Cir. 1993) (holding that "[u]nlike the [Sentencing] Guidelines, which require a sentencing court to consider similar conduct in setting a sentence, the statutory mandatory minimum sentences of 21 U.S.C. Sec. 841(b)(1) apply only to the conduct which actually result[s] in a conviction under that statute"). If this case correctly states the law-a matter on which we take no view-it may have substantial implications for the duration of defendant's sentence. Under these unusual circumstances, the parties agreed at oral argument that these developments merit further consideration; and that, in the interests of justice, the sentence previously imposed should be expunged, and a new sentencing hearing convened. We agree. We, therefore, vacate the defendant's sentence and remand for resentencing.[1]
 
 
 3
 The defendant's conviction is affirmed. The defendant's sentence is vacated. The case is remanded for resentencing.
 
 
 
 [1]
 We envision that a full new sentencing hearing will be held at which the court can consider not only the applicability of any mandatory minimum sentence, but also, inter alia, the reliability of the evidence proffered by the parties and the proper computation of defendant's criminal history score