53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ted Richard WIZLO, Defendant-Appellant.
 No. 94-50177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1995.
Decided April 25, 1995.
 
 1
 Before: BEEZER and NOONAN, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Ted Richard Wizlo appeals his sentence under the Sentencing Guidelines following a guilty plea to conspiracy to distribute lysergic acid diethylamide ("LSD") in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Wizlo contends that the district court erred in calculating his base offense level and his criminal history score. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231, and we have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 4
 * Wizlo contends that the district court erred in counting the Berkeley gram in calculating his base offense level. Wizlo argues that the district court engaged in double counting by including the Berkeley gram in computing his base offense level for the instant offense, while counting the Berkeley conviction, based upon the same conduct, in computing his criminal history category.
 
 
 5
 In examining the record, however, it is clear that the Berkeley gram was not the basis of his conviction in state court. Rather, in state court Wizlo pleaded guilty to possession of mushroom material only. The count involving the LSD gram was dismissed. Under the guidelines uncharged conduct or conduct that is the basis of dismissed counts may be included in relevant conduct and used to determine the base offense level. United States v. Fine, 975 F.2d 596, 600 (9th Cir. 1992) (en banc). The cases cited by Wizlo from other circuits involve the inclusion of conduct that was the basis for a prior conviction. See United States v. Young, 992 F.2d 207 (8th Cir. 1993); United States v. Barton, 949 F.2d 968 (8th Cir. 1991). Had the Berkeley conviction and sentence been based on the Berkeley gram, Wizlo's contention may have had merit. It is clear from the record, however, that the LSD count was dismissed and did not serve as the basis of his state conviction. The district court correctly concluded that no double counting took place because the conviction for possession of mushrooms was used to determine the criminal history category while the Berkeley gram, a different set of underlying facts, was used in determining the base offense level.
 
 II
 
 6
 In computing Wizlo's criminal history score, the district judge calculated that Wizlo's sentence for the Berkeley conviction was more than sixty days and therefore assigned Wizlo two criminal history points for that conviction pursuant to Sec. 4A1.1.[1] Because of the two point addition, Wizlo's criminal history category was III. Wizlo contends that the district court erred in determining his sentence for the Berkeley conviction was more than sixty days. Wizlo argues that the sentence was actually less than sixty days and should have been allocated only one criminal history point, resulting in a criminal history category of II.
 
 
 7
 We need not determine the appropriate criminal history score. The mandatory minimum sentence for one gram or more of LSD is five years pursuant to 21 U.S.C. Sec. 841(b)(1)(B)(V). Even if we concluded that the district court erred in calculating Wizlo's criminal history score, his sentence of sixty months, or five years, would be unaffected. Irrespective of a lower criminal history score, the district court would still be required to apply the statutory mandatory minimum sentence of five years.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 4A1.1 provides:
 Sec.4A1.1 Criminal History Category
 The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
 (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
 (b) Add 3 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
 (c) Add 1 point for each prior sentence of imprisonment of at least sixty days not counted (a) or (b), up to a total of 4 points for this item.
 U.S.S.G. Sec. 4A1.1.
 
 
 [2]
 Wizlo argues that the Berkeley gram, although included in relevant conduct for determining his base offense level, should not be included in determining whether the mandatory minimum is applicable. His reliance on United States v. Darmand, 3 F.3d 1578 (2d Cir. 1993), is misplaced. Darmand precluded conduct arising out of a different conspiracy from being used to determine whether the mandatory minimum was applicable. Although including the conduct as relevant conduct was permissible under the guidelines, the court concluded that only conduct "which actually resulted in a conviction" should be used for calculating the statutory mandatory minimum. Id. at 1581. Unlike Darmand, however, the Berkeley gram served as an overt act for the count of conviction and was part of the same conspiracy as the count of conviction. We conclude that the gram was appropriately considered in determining the application of the mandatory minimum sentence