Mejia v. USA                         CV-97-424-M    01/29/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


<u>Alfredo L. Mejia</u>

     v.                                        Civil No. 97-424-M

<u>United States of America</u>


**O R D E R**


     Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  He asserts two bases for his motion:  1) The government breached the terms of his plea agreement; and 2) His appointed counsel provided ineffective assistance in violation of his Sixth Amendment rights.

     The motion, memorandum, files and records of the case conclusively show that the petitioner is entitled to no relief, with one probable exception.  Petitioner's ineffective assistance claim can fairly be read to include a claim that the Guideline Sentencing Range calculation was incorrect, because drug quantities, related to "relevant conduct" that occurred <u>prior</u> to the conspiracy offense charged in Count I, were improperly used to determine the ten year mandatory minimum sentence applicable to Count I.  That ten year mandatory minimum resulted in a GSR (Total Offense Level 29, Criminal History Category I) of 120 to 121 months of imprisonment.  It appears that the mandatory minimum sentence applicable to Count I (based only on drug quantities relevant to the offense of conviction) should have

been 5 years, not ten (i.e. excluding the pre-conspiracy relevant conduct drug quantity).  Thus, the GSR should have been 97 to 121 months, not 120 to 121 months.  See e.g. United States v. Camilo, 30 F.3d 126 (1st Cir. 1994) (unpublished); United States v. Rodriguez, 67 F.3d 1312 (7th Cir. 1995); United States v. Wizlo, 53 F.3d 341 (9th Cir. 1995); United States v. Darmond, 3 F.3d 1578 (2d Cir. 1993).

Petitioners counsel did make the point in his written objection to the presentence report, but appears not to have pursued it at the sentencing hearing or on appeal.  Because that issue seems to have merit, and because it can fairly be said to fall within the broad claim for relief asserted by Petitioner, notice of the petition shall be served upon the United States Attorney, who shall respond on or before February 20, 1998, advising the court as to the government's position relative to the court's intention to grant relief by correcting petitioner's sentence to imprisonment, that is, reducing it from 120 months to the lowest point in the applicable guideline range (97 months), thereby insuring that no prejudice results from the apparent calculation error.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 29, 1998
cc:  Alfredo L. Mejia
     Paul M. Gagnon, Esq.

2