**Craig A. ROBERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 89–1245.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 16, 1990.

Decided April 30, 1990.

Thomas E. Hayes, Kansas City, Mo., for appellant.

Rhonda Reems, Kansas City, Mo., for appellee.

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Craig Roberson entered a plea of guilty to two counts of an eight-count indictment which alleged that he and two other individuals knowingly and intentionally distributed, and caused to be distributed, cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988) and 18 U.S.C. § 2 (1988), and knowingly and willfully used, and caused to be used, a firearm during the distribution in violation of 18 U.S.C. §§ 2 and 924(c) (1988). He was sentenced to a term of ten years imprisonment with eight years of supervised release on the distribution count and a term of five years imprisonment on the firearm count, the sentences to run consecutively. Roberson did not appeal. He later filed a motion, under 28 U.S.C. § 2255 (1982), to set aside his guilty plea. He asserts that, at the time of his plea, the court, in violation of Fed.R.Crim.P. 11, failed to ascertain whether he understood the nature of the charges and whether the plea had a basis in fact. He also claims that his plea was not knowing and voluntary because the court did not inform him of the maximum sentence he faced and because his counsel was constitutionally ineffective.

The indictment was not read during Roberson's change of plea hearing, and he was not expressly informed that, to prove his guilt, the prosecutor would have to establish that he acted knowingly, intentionally and willfully.[1] Roberson contends that the court's failure to read the indictment and to inform him of the nature of the charges gives rise to two grounds for relief. First, he argues that the court violated Rule 11, and, thus, he is entitled to withdraw his guilty plea. Second, he contends that the Rule 11 violation caused him to plead guilty without a proper under-

---

1. At the hearing, the court engaged Roberson in a colloquy and ascertained that he had graduated from San Diego State University with a bachelor's degree in business administration; that he was satisfied with his attorney's performance; that his mind was free from the influence of drugs or alcohol; that he was knowingly waiving certain constitutional rights; and that he was aware that all that remained was for the court to sentence him. Change of Plea Transcript, at 3–5.

The court informed Roberson that it could sentence him to twenty years in prison and a three year mandatory minimum special parole term on Count II and a mandatory five years in prison on Count III. Id. at 6–7. The court did not indicate whether the sentences could run consecutively or concurrently. The court also told Roberson that it was not bound by the plea agreement. Roberson stated that he understood this and that no threat, duress or force, beyond the plea agreement, was used to coerce him to plead guilty. He indicated that he was pleading voluntarily and of his own free will. Id. at 8.

At the court's request, the prosecutor then recited the evidence supporting Counts II and III. The prosecutor stated that an undercover police detective purchased cocaine from Roberson at a Kansas City drug house. During the purchase, another individual held a gun on the detective. Roberson stated that he understood that this was the evidence and the charge. Id. at 9. At this point, however, Roberson stated that he could not admit his guilt to the charge. He indicated that he could not remember when he had been at the drug house and that he was not allowed to make sales. Further, he could not remember anyone "putting a gun on anybody else," although there were guns in the house. Id. at 10–11. Both the prosecutor and Roberson's attorney indicated that they believed the evidence was sufficient to prove Roberson's guilt. Id. at 11–12. Roberson then indicated that he was pleading guilty because he was guilty of the charges and that the plea was voluntary. Id. at 12.

standing of the charges. We disagree and affirm.

■■■ We agree that the district court's failure to inform Roberson of the charges against him violated Rule 11.[2] Roberson, however, is not automatically entitled to withdraw his plea. While we do not condone the procedures followed in this plea hearing, a violation of the formal requirements of Rule 11 is not necessarily sufficient to entitle Roberson to relief on collateral attack. *See United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *Harvey v. United States,* 850 F.2d 388, 394 (8th Cir.1988). On collateral attack, a formal violation of Rule 11 requires relief only if it creates a jurisdictional or constitutional error, results in a miscarriage of justice, violates the "rudimentary demands of fair procedure," or creates extraordinary circumstances. *Harvey,* 850 F.2d at 394 (citing *Timmreck,* 441 U.S. at 783, 99 S.Ct. at 2087). Thus, unless Roberson can demonstrate that his plea was not knowing and voluntary, his collateral attack fails.

Roberson is entitled to relief if the totality of the circumstances indicates that he did not understand the nature of the charges to which he entered a plea of guilty. *See United States v. Nieuwsma,* 779 F.2d 1359, 1361 (8th Cir.1985). If the record does not affirmatively show that the plea was voluntary and he can establish that but for the violation he would not have pleaded guilty, he can plead anew. *See Harvey,* 850 F.2d at 396. To determine whether Roberson understood the nature of the charges, we must decide whether he understood the law in relation to the facts in this case. *See id.*

As indicated, the district court should have more thoroughly examined Roberson at the plea hearing. However, we are convinced that the record indicates that he understood the nature of the charges. The indictment gave Roberson notice of the charges, including the intent elements. The district court informed Roberson of his constitutional rights and Roberson indicated that he wished to waive them and plead guilty. The prosecutor set forth the specific acts which formed the basis for the charges.[3] Further, Roberson indicated that the prosecutor's recitation of the facts was what he believed the evidence to be and that he understood that was what he was charged with. Change of Plea Transcript, at 9. Thus, he indicated that he understood he was pleading guilty to selling cocaine while another individual held a gun on the purchaser. These facts would have been sufficient to convict Roberson at trial. Here, the record supports the district court's conclusion that Roberson, who is thirty-three years old and a college graduate, understood the nature of the charges even though the court did not specifically state that the prosecutor must prove that he acted willfully, knowingly and intentionally.[4]

■■■ Next, Roberson contends that his plea was not knowing and voluntary because the court failed to inform him of the maximum sentence he faced and because he received ineffective assistance of counsel. The district court informed him of the

**2.** Rule 11(c) provides, in relevant part, that: "Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) the nature of the charge to which the plea is offered...."

**3.** Roberson also argues that the factual basis for the plea can be established only by questioning him and that his claim of innocence precludes a finding that an adequate factual basis existed. Rule 11(f), however, does not require that the defendant admit the facts supporting the charge. A factual basis exists, even if the defendant protests his innocence, if sufficient evidence is presented at the time of the plea for the court to reasonably determine that the defendant committed the offense. *White v. United States,* 858 F.2d 416, 423 (8th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1163, 103 L.Ed.2d 221 (1989). Here, the court properly determined that a factual basis for the plea existed.

**4.** At oral argument, Roberson's counsel argued that the court should have set forth the intent requirements to give Roberson notice that he may have had a lack of intent defense, such as intoxication. We note, however, that there is no factual basis for such a defense, and counsel did not contend that such a defense was available to Roberson.

maximum sentence for each count. According to his allegations, Roberson was misled by his counsel into believing that the sentences would run concurrently because she predicted that he would receive a sentence in the range of five to eight years following a guilty plea. Thus, he asserts that the court should have informed him that the sentences could run consecutively and that the maximum sentence he faced was twenty-five years in prison.

Assuming the court failed to properly inform him of the maximum sentence, Roberson has failed to show that he suffered prejudice. His total sentence, fifteen years in prison and eight years supervised release, was no more than the maximum sentence the court told him he faced on the one distribution count. Thus, he is not entitled to withdraw his guilty plea because the court failed to inform him that the sentences could run consecutively. *See Richardson v. United States*, 577 F.2d 447, 452 (8th Cir.1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979).

■ Further, Roberson's reliance on his counsel's opinion that he would get "a good twenty years" if he went to trial and a more lenient sentence if he pleaded guilty, does not make his plea involuntary. *See Hollis v. United States*, 687 F.2d 257, 260 (8th Cir.1982), *cert. denied*, 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983). As indicated, Roberson was fully informed of the maximum sentence on each count, and the record of the plea hearing reveals that Roberson's plea was knowing and voluntary.

■ Roberson also contends that he did not have all the information necessary to make a knowing and voluntary plea because he received ineffective assistance of counsel. This contention is based on his claim that his counsel: 1) was inexperienced in criminal matters; 2) failed to inform him that she had filed motions to suppress his statement to the police, to dismiss counts three and eight of the indictment, and to suppress both the pretrial and in court identification; 3) did not request the court to rule on these motions before advising him to plead guilty; and 4) misrep-

resented the length of sentence he would receive following a guilty plea.

To set aside his guilty plea based on a claim of ineffective assistance of counsel, Roberson must show that his counsel's performance " 'fell below an objective standard of reasonableness ... [and] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984)). Prejudice, in the context of a guilty plea, is established if Roberson can "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370.

Initially, we note that Roberson indicated at his change of plea hearing that his counsel had handled this case to his satisfaction, that she had done everything he had asked her to do, and that she had not refused to do anything that he wanted her to do. Change of Plea Transcript, at 3–4. In our view, Roberson's counsel provided adequate representation.

Assuming that Roberson did not receive constitutionally adequate representation, he has failed to demonstrate that he suffered any prejudice. He has not shown that, following favorable rulings on all the pretrial motions, his counsel would not have recommended that he plead guilty. *See Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Further, assuming that Roberson's allegations that he received incomplete and inaccurate information are true, this does not support his claim that, but for such errors, there was a reasonable probability that he would have gone to trial. Had Roberson gone to trial, his inculpatory statement clearly could have been used against him. In addition to the detective who purchased the cocaine, three women could have testified about Roberson's involvement in the activities at this drug house. Further, in exchange for the guilty plea, the government agreed to dismiss the remaining

counts of the indictment, including a conspiracy count involving other drug transactions. Finally, Roberson's counsel in this appeal stated during oral argument that in similar circumstances he would have recommended that Roberson plead guilty.

Roberson knowingly and voluntarily entered a plea of guilty. Therefore, the judgment of the district court is affirmed.