980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willard Kenneth O'DELL, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-2736.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1992.
Filed: December 3, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 
 PER CURIAM
 
 1
 Willard Kenneth O'Dell, a federal inmate, appeals from the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 O'Dell pleaded guilty to retaliating against a witness (Count 1), in violation of 18 U.S.C. § 1513, and distributing marijuana (Count 5), in violation of 21 U.S.C. § 841(a)(1). At the plea hearing, the court informed O'Dell that he faced a maximum of ten years imprisonment on Count 1, and a maximum of five years imprisonment and a special parole term of not less than two years on Count 5. The court imposed concurrent sentences of seventy-eight months imprisonment with three years supervised release on Count 1 and sixty months imprisonment with three years supervised release on Count 5.
 
 
 3
 O'Dell filed this pro se section 2255 motion claiming the sentencing court violated Federal Rule of Criminal Procedure 11(c) because the court advised him that he was facing a special parole term, but sentenced him-without explanation-to supervised release. He argued this violation entitled him to plead anew.
 
 
 4
 The magistrate judge recommended denying O'Dell's motion. He noted that the sentencing court did not tell O'Dell that he could be sentenced to a term of supervised release on Count 1 and did not explain to him the effect of supervised release. Nonetheless, because O'Dell's sentence of seventy-eight months imprisonment and three years supervised release fell below the combined fifteen-year statutory maximum for the two offenses, the magistrate judge concluded that the failure to comply strictly with Rule 11(c) constituted harmless error and did not warrant habeas relief. The district court adopted the magistrate judge's report and denied O'Dell's section 2255 motion. This timely pro se appeal followed.
 
 
 5
 Before a court accepts a guilty plea, it must "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the maximum possible penalty provided by law, including the effect of any special parole or supervised release term." Fed. R. Crim. P. 11(c)(1). We review for harmless error a failure to make this determination. See Fed. R. Crim. P. 11(h); United States v. Young, 927 F.2d 1060, 1062 (8th Cir.) (prior to 1983 amendment of Rule 11, "the automatic sanction for Rule 11 violations[,] under McCarthy v. United States, 394 U.S. 459, 471-72 (1969), was to allow defendant to plead anew"), cert. denied, 112 S. Ct. 384 (1991). When a defendant has not been properly advised of the existence of a term of supervised release, we examine whether the defendant was prejudiced by determining if his maximum period of incarceration exceeds the statutory maximum sentence to which the defendant subjected himself by his guilty plea. See Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990); Richardson v. United States, 577 F.2d 447, 452 (8th Cir. 1978), cert. denied, 442 U.S. 910 (1979).
 
 
 6
 We agree with the district court that the technical violation of Rule 11(c) did not prejudice O'Dell. His maximum period of incarceration 9-1/2 years (78 months (6-1/2 years) plus no more than three years if supervised release is ever revoked) does not exceed the ten-year maximum term the court told him he faced on Count 1 alone, and it falls far short of the maximum total of 15 years' prison time he was exposed to if maximum consecutive sentences had been imposed on each count.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen R. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri