986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Paul William CRISWELL, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-3212.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 10, 1993.
Filed: February 25, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul William Criswell, a federal inmate, appeals pro se the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Criswell, represented by retained counsel, pleaded guilty to possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and to using firearms during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). At the plea hearing, Criswell did not challenge the facts as recited by the government-i.e., that the police arrested Criswell and seized cocaine, a set of triple beam weighing scales, and two loaded handguns in a "game room" where Criswell was living. Criswell acknowledged that the statements were accurate with regard to his participation, that he understood the nature of the offense with which he was charged and the maximum penalty, and that he wished to waive his constitutional rights and plead guilty. The district court sentenced Criswell to ten months imprisonment on the drug count and the mandatory sixty months imprisonment (to be served consecutively) on the firearms count. Criswell did not take a direct appeal.
 
 
 3
 In his pro se section 2255 motion, Criswell argued that the sentencing court erred in accepting his guilty plea as to the firearms count because a factual basis for the plea was not established, citing Federal Rule of Criminal Procedure 11(f). Criswell also argued that the weapons in question were found in his friend's house, not on or near his person, but stored in a cabinet behind the bar; and that the weapons were not of a type normally associated with protecting a drug establishment. The district court denied the motion, concluding that the presence of the cocaine, the scales, and the two loaded guns in the game room was sufficient to conclude that the weapons were used in relation to a drug trafficking crime. This timely appeal followed.
 
 
 4
 A "factual basis" exists if there is " 'sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense.' " White v. United States, 858 F.2d 416, 423 (8th Cir. 1988) (quoted case omitted), cert. denied, 489 U.S. 1029 (1989). While Rule 11(f) imposes on the court the duty to determine the presence of a factual basis, the court does not have to question the defendant to establish a factual basis, and the defendant does not have to admit to the facts supporting the charge. See Roberson v. United States, 901 F.2d 1475, 1477 n.3 (8th Cir. 1990).
 
 
 5
 Proof of constructive possession is sufficient to prove a defendant used or carried a firearm; "[c]onstructive possession exists when one knowingly is in a position to exercise dominion and control over the object possessed." United States v. Harrison, 931 F.2d 65, 71 (D.C. Cir.), cert. denied, 112 S. Ct. 408 (1991). This court has recognized that "the mere presence and ready availability of a firearm at a house where drugs are dealt constitutes the 'use' of a gun during a narcotics offense." United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990).
 
 
 6
 On the unrebutted facts presented at the plea hearing, there was a sufficient basis to conclude that Criswell used the firearms during and in relation to a drug trafficking crime. Criswell resided in a room in which drugs and guns were found, and he does not dispute that he intended to distribute those drugs. It has become common knowledge that drug dealers typically keep guns available to protect themselves, their drugs, and their money. See United States v. Curry, 911 F.2d 72, 80 (8th Cir. 1990), cert. denied, 111 S. Ct. 980 (1991). Criswell's arguments on appeal that he was only a guest and unaware of the guns in the cabinet do not affect the existence of a factual basis at the time of the plea.
 
 
 7
 We do not address Criswell's arguments raised for the first time on appeal. See Diamonds Plus, Inc. v. Kolber, 960 F.2d 765, 768 (8th Cir. 1992). We deny his belated motion for appointment of counsel.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas