UNITED STATES of America, Appellee,

v.

Aubrey L. MCNEELY, Sr., Appellant.

UNITED STATES of America, Appellee,

v.

Royce Lee FOWLER, Appellant.

Nos. 93–2787, 93–2972.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1994.

Decided April 4, 1994.

Job Serebrov, Fayetteville, AR, for McNeely.

Richard Hughes, Little Rock, AR, for Fowler.

Kenneth F. Stoll, Asst. U.S. Atty., of Little Rock, AR, for appellee.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Aubrey L. McNeely, Sr., and Royce Lee Fowler appeal their convictions and sentences for bank robbery and post office robbery in violation of 18 U.S.C. §§ 2113 (1988 & Supp. IV 1992) and 2114 (1988) and for using a firearm in violation of 18 U.S.C. § 924(c)(1) (Supp. IV 1992). In addition, McNeely appeals his conviction for tampering with a witness in violation of 18 U.S.C. § 1512. Both men pleaded guilty to all the mentioned offenses. We affirm.

McNeely and Fowler claim the District Court [1] erred in denying their motion to sever trial of the post office robbery charge from the bank robbery charge. We disagree. We defer to the District Court in reviewing the denial of the motion to sever for abuse of discretion. *United States v. Foote,* 920 F.2d 1395, 1398 (8th Cir.1990), *cert. denied,* 500 U.S. 946, 111 S.Ct. 2246, 114 L.Ed.2d 487 (1991). The bank and post office robberies were only two months apart and the evidence as to each count overlapped. Witnesses would have testified that both appellants participated in each robbery and that a single automobile was connected with both robber-

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

ies. Thus, the District Court did not abuse its discretion in denying the motion to sever. *See United States v. Shearer,* 606 F.2d 819, 820 (8th Cir.1979).

■ In any event, when McNeely and Fowler entered valid guilty pleas, they waived all nonjurisdictional defects and defenses. *United States v. Schmitz,* 887 F.2d 843, 844 (8th Cir.1989) (per curiam); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir.) (per curiam), *cert. denied,* 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). Thus, they are in no position to raise any issue concerning the District Court's denial of their motion to sever the two robbery charges.

■ McNeely and Fowler attack their sentences on constitutional grounds, contending there is no rational basis for United States Sentencing Guidelines § 2B3.1(b)(1), which provides for a two-level enhancement to the base offense level for robbery of a financial institution or post office. *See* United States Sentencing Commission, *Guidelines Manual,* § 2B3.1(b)(1) (Nov. 1992). We cannot say this sentencing enhancement, which reflects both the seriousness of the offense and past practice, lacks a rational basis. *See id.* App. C, amend. 110, at 45. Thus, appellants' claim must fail.

■ McNeely argues that the District Court erred in denying his motion, made before the imposition of sentence, for leave to withdraw his guilty plea. He claims his plea was invalid because he was suffering from a mental disease or defect due to hypoglycemia resulting from untreated diabetes. We review the District Court's denial of McNeely's motion to withdraw his plea for abuse of discretion. *See United States v. Morrison,* 967 F.2d 264, 268 (8th Cir.1992); *United States v. Boyd,* 610 F.2d 521, 524 (8th Cir. 1979), *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980).

■ The discretion of the District Court to allow withdrawal of a plea before sentencing may be exercised upon a showing by the defendant of a "fair and just reason." Fed. R.Crim.P. 32(d); *see United States v. Abdullah,* 947 F.2d 306, 311 (8th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1969, 118

L.Ed.2d 569 (1992). Here, the record of the plea hearing establishes that McNeely understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily. There is nothing to suggest that the untreated hypoglycemia he now alleges rendered his plea unknowing, unintelligent, or involuntary. *See United States v. Dalman,* 994 F.2d 537, 538–39 (8th Cir.1993).

In *Dalman,* the defendant claimed that he was under the influence of heart medication at the time he pleaded guilty and that the medication rendered him incapable of knowingly and intelligently entering his guilty plea. *Id.* at 538. Our court found no evidence in the record to show that the defendant was not in possession of his faculties at the plea hearing and noted that he engaged in a lengthy colloquy with the court regarding the details of the charges. *Id.* at 539. Therefore, we rejected his "after-the-fact" claim that the heart medication affected his capacity to enter a guilty plea. *See id.* at 539.

Similarly, McNeely engaged with the District Court in a detailed discussion of the charges, admitting that he robbed the post office and the bank and talked with another party about killing a witness. He carried on a cogent colloquy with the court, repeatedly responding that he understood what was transpiring. It was only long after the fact, when the court heard McNeely's motion for leave to withdraw his plea, that McNeely claimed he was not aware of anything that transpired when he entered his plea. McNeely has made no showing that his untreated diabetic condition rendered him incapable of knowingly and intelligently entering a plea of guilty. *See id.,* 994 F.2d at 539; *see also United States v. Vaughan,* 13 F.3d 1186, 1187 (8th Cir.1994) (where defendant was lucid and articulate at the plea hearing and stated he was not under any influence that would make it difficult for him to understand his plea, the court did not err in finding the guilty plea knowing and intelligent). McNeely has not presented a "fair and just reason" for withdrawing his plea, Fed. R.Crim.P. 32(d), and the District Court's denial of his motion was not an abuse of discretion.

■ We decline to address McNeely's claim of ineffective assistance of counsel. Such claims first should be presented to the District Court pursuant to 28 U.S.C. § 2255, *United States v. Thompson,* 972 F.2d 201, 204 (8th Cir.1992), so that the parties may develop the facts, which ordinarily (as here) lie outside the original record, regarding the ineffectiveness of representation. *United States v. Williams,* 994 F.2d 1287, 1290–91 (8th Cir.1993).

The challenged convictions and sentences are affirmed. McNeely's motion to supplement the record is denied.