**UNITED STATES of America, Appellee,**

v.

**Robert C. WOJCIK, Sr., Appellant.**

No. 94–3857.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1995.

Decided July 12, 1995.

Craig E. Cascarano, Minneapolis, MN, argued, for appellant.

Jeffrey S. Paulsen, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

McMILLIAN, Circuit Judge.

Robert Chester Wojcik, Sr., appeals from a final judgment entered in the United States District Court[1] for the District of Minnesota upon his plea of guilty to distribution of approximately 27 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). The district court sentenced defendant to 90 months imprisonment and four years supervised release. *United States v. Wojcik*, No. CR 4–93–126(01) (D.Minn. Nov. 23, 1994) (judgment). For reversal, defendant argues that the district court (1) abused its discretion in denying him an evidentiary hearing on his motion to withdraw his guilty plea; (2) abused its discretion in denying his motion to withdraw his plea; and (3) erred in finding sufficient evidence to support the criminal

forfeiture of seized cash. For the reasons discussed below, we affirm.

An undercover officer made several purchases of crack at defendant's auto sales business during a period from March 1993 to July 1993. Defendant and his two sons were involved in these transactions, although defendant's sons were the ones who dealt directly with the undercover officer. On July 15, 1993, an undercover officer purchased an ounce of crack for $1,200 from one of defendant's sons, in defendant's presence. On July 19, 1993, after another such undercover transaction, law enforcement officials executed a search warrant at defendant's place of business. The following sums of cash, among other things, were recovered from the search: $2,907 in a cardboard box in defendant's office, of which $1,200 was marked money from the undercover transaction earlier that day, and $26,705 in a coffee can in the trunk of a car on the lot (the keys to the car were found in defendant's pocket), of which $1,050 was recorded cash from an earlier undercover crack purchase.

Defendant and his sons were charged in a six-count indictment which included charges of distribution of crack, criminal conspiracy, and criminal forfeiture of property. The forfeiture count referred to $30,577 cash found on the premises of defendant's auto sales business. Defendant's two sons pled guilty and were prepared to testify against defendant at trial. Defendant initially entered a plea of not guilty, but then changed his plea on the day his trial was scheduled to begin. Based upon a proffer he gave to the government, defendant and the government entered into a written plea agreement in which defendant agreed to plead guilty to Count III of the indictment (distribution of crack) and provide information regarding specific individuals who allegedly had sold or attempted to sell him large quantities of cocaine. In exchange for his guilty plea and his agreement to cooperate, the government agreed to dismiss the remaining counts in the indictment and to move for a downward departure

1. The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota, to whom the case was transferred from the Honorable Diana E. Murphy, former Chief Judge, United States District Court for the District of Minnesota, who was appointed to the United States Court of Appeals for the Eighth Circuit while this case was pending.

pursuant to U.S.S.G. § 5K1.1. The government further agreed "[i]n the event of extraordinary substantial assistance by the defendant, the government will consider also making a motion for a downward departure below the five-year mandatory minimum pursuant to 18 U.S.C. § 3553(e)." The plea agreement provided, however, that "[t]he government will have complete and sole discretion to make or withhold either motion for a downward departure based on its assessment of the value of the defendant's cooperation, which discretion shall be exercised in good faith," and "[i]n the event the government does not make a motion for a downward departure or the Court does not grant such a motion, the defendant may not withdraw his plea based upon that ground." Appellee's Addendum at 4–5 (plea agreement).

Defendant contends that he provided substantial assistance which led to the arrest of three individuals. He further claims that on numerous occasions he attempted to contact the government case agent regarding drug transactions that were going to take place, but the government failed to pursue his leads. By contrast, the government claims that defendant lied in his initial proffer and that, in fact, he never even knew the individuals he agreed to help investigate and prosecute. The government maintains that it allowed him to provide substitute cooperation, even though it was not obligated to do so, and that several attempts to follow defendant's leads proved fruitless.

Prior to sentencing, defendant moved to withdraw his plea. He asserted that he had pled to protect his sons. He also asserted his innocence.[2] He claimed that the government had breached the plea agreement by its bad faith refusal to allow him to cooperate more fully. The district court denied defendant's motion to withdraw his plea, noting that defendant's claim of innocence was contradicted by his own sworn testimony at the change of plea hearing and that defendant had stated no valid basis for withdrawing his plea under the terms of the plea agreement. *United States v. Wojcik*, No. CR 4–93–126(01) (D.Minn. Sept. 1, 1994) (order).

Following reassignment of the case (see note 1 above), the district court granted defendant's request for an evidentiary hearing to establish a record for appeal regarding his bad faith argument, as grounds for withdrawing his plea. *Id.* (Nov. 16, 1994) (order). An evidentiary hearing was held in which defendant was given the opportunity to prove that the government had breached the plea agreement and to challenge the government's forfeiture count.

At sentencing, the government moved pursuant to U.S.S.G. § 5K1.1 for a downward departure from the guidelines, but did not move pursuant to 18 U.S.C. § 3553(e) for departure below the mandatory minimum. Defendant's range under the guidelines, without departure, was calculated to be 121–151 months. The mandatory minimum was 60 months. Because of the government's § 5K1.1 motion, the district court departed and sentenced defendant to 90 months, representing a 31–month departure. *United States v. Wojcik*, No. CR 4–93–126(01) (D.Minn. Nov. 23, 1994) (judgment). The district court also entered a special verdict ordering defendant to forfeit the $30,577 cash seized during the search. *Id.* (Nov. 18, 1994) (special verdict of forfeiture). This appeal followed.

■ Defendant first argues that the district court abused its discretion in (1) failing to hold an evidentiary hearing before denying his motion to withdraw his guilty plea and (2) denying his motion to withdraw his plea. To begin, we note that the district court was not required to hold an evidentiary hearing on defendant's motion to withdraw his guilty plea. *See United States v. Jagim*, 978 F.2d 1032, 1037 (8th Cir.1992) (an evidentiary hearing is not required where the allegations in the motion are inherently unreliable, are not supported by specific facts, or are not grounds for withdrawal even if true), *cert. denied*, —— U.S. ——, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993). In the present case, even assuming the truth of defendant's allegations, he failed to state a legally sufficient basis for withdrawing his plea. Notwithstanding the provision in the plea agreement stating "[t]he government will have complete

---

**2.** Defendant does not assert his innocence on appeal.

and sole discretion to make or withhold either motion for a downward departure ... which discretion shall be exercised in good faith," the plea agreement separately provided "[i]n the event the government does not make a motion for a downward departure or the Court does not grant such a motion, the defendant may not withdraw his plea based upon that ground." Moreover, defendant *was* given a full and fair opportunity to present evidence regarding his alleged good faith cooperation with the government and the government's alleged bad faith refusal to cooperate, to support his claim that he should have been allowed to withdraw his plea. We therefore hold that the district court did not abuse its discretion in initially denying defendant's motion for an evidentiary hearing.

■ Consistent with the above holding, and upon careful review of the record, we further hold that the district court did not abuse its discretion in denying defendant's motion to withdraw his plea. There simply is no credible evidence supporting defendant's contention that the government breached the plea agreement, in light of the language of the plea agreement and the fact that the government did move pursuant to § 5K1.1 for a downward departure (which the district court granted). Because defendant failed to establish a fair and just reason for withdrawing his guilty plea, we hold that the district court did not abuse its discretion in denying defendant's motion. *See United States v. Boone,* 869 F.2d 1089, 1091–92 (8th Cir.) (enumerating factors to be considered in determining whether to grant a motion to withdraw a plea; holding that the district court did not abuse its discretion in finding no fair and just reason for withdrawal of plea), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989).

■ Finally, defendant argues that the evidence was insufficient as a matter of law to support the district court's forfeiture of the $30,577 cash found at defendant's place of business, pursuant to 21 U.S.C. § 853(a). Following the evidentiary hearing, the district court found that the government had met its burden of proving that the funds were, or were derived from, proceeds obtained directly or indirectly as a result of defendant's drug trafficking violations. *See* Transcript of Proceedings at 135–41 (Nov. 18, 1994). Upon review, we consider whether, viewing the evidence in the light most favorable to the government, the government proved by a preponderance of the evidence that the seized cash constituted or was derived from defendant's drug trafficking violations. *See United States v. Bieri,* 21 F.3d 819, 822 (8th Cir.1994) (adopting preponderance of the evidence standard).

Defendant argues that he introduced evidence showing that the money was from his legitimate auto sales business, which is a cash business. He testified that the marked money from the undercover transaction on July 19, 1993, and the recorded money from an earlier undercover transaction, might have been placed with his other money by someone else who had access to the trunk of the car. In response, the government notes that defendant had been involved in crack transactions in the past, the money was stored in cash in highly unusual locations despite the fact that defendant had bank accounts for his business, and marked money from undercover drug deals was intermingled in the $30,577. Finally, as to defendant's testimony that most of the $26,705 recovered from the trunk of the car had been discovered in a repossessed car, the government argues that this testimony is simply not credible. Upon careful review of the record, we hold that the evidence was sufficient as a matter of law to support the criminal forfeiture of the seized cash.[3]

Accordingly, the judgment of the district court is affirmed.

---

3. Because we find the evidence sufficient to support the criminal forfeiture of the seized cash, we need not address the government's argument that defendant disavowed any legal right to the money allegedly found in the trunk of the repossessed car.