_____

No. 95-1278
_____

United States of America,      *
                          *
       Appellee,         *
                          *  Appeal from the United States
   v.                *  District Court for the
                          *  Eastern District of Missouri.
Osar Amon Tate,          *
                          *       [UNPUBLISHED]
       Appellant.       *

_____

Submitted:  January 4, 1996

Filed:  January 10, 1996
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


Osar Amon Tate was charged with one count of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  After filing numerous unsuccessful pretrial motions, including a motion to dismiss the indictment, Tate pleaded guilty to both charges.  The district court[1] sentenced him to 71 months imprisonment on the drug count, to be followed by 60 months imprisonment on the firearm count, and four years supervised release.

---

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

On appeal, Tate's appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. Although Tate was granted leave to file a pro se supplemental brief, he did not do so. We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no nonfrivolous issues for appeal.

By pleading guilty, Tate waived all issues preceding his plea except those relating to jurisdiction. See United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam), cert. denied, 115 S. Ct. 171 (1994). We note that Tate's indictment clearly specified the requisite elements of his drug and firearm offenses, and thus it was not jurisdictionally defective. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam) (to establish jurisdictional defect, defendant must show that indictment "on its face fails to state an offense"). As to possible sentencing issues, only one of Tate's objections to the presentence report actually affected the length of his sentence. The district court sustained this objection, and then properly calculated Tate's sentence under the applicable Sentencing Guidelines.

Accordingly, the judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-