_____

No. 95-2818
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *    Appeal from the United States
                                   *    District Court for the
Alfredo Milan Rodriguez, also      *    Western District of Missouri.
known as Alfredo Milan, also       *
known as Jose Rodriguez, also      *         [UNPUBLISHED]
known as Jose Rodrigues,           *
                                   *
          Appellant.               *
                              _____

          Submitted:  February 7, 1996

             Filed:  February 23, 1996
                              _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                              _____

PER CURIAM.

     Alfredo Milan Rodriguez was charged with being a felon in
possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)
(1994).  After filing two unsuccessful motions to dismiss his
appointed counsel, he entered a plea under North Carolina v.
Alford, 400 U.S. 25 (1970), and the District Court[1] sentenced him
to 72 months imprisonment.  On appeal, Rodriguez's appointed
counsel filed a brief pursuant to Anders v. California, 386 U.S.
738 (1967), and was granted leave to withdraw.  Although Rodriguez
was granted leave to file a pro se supplemental brief, he did not
do so.

_____

     [1]The Honorable Howard F. Sachs, United States District Judge
for the Western District of Missouri.

The plea transcript indicates that Rodriguez's <u>Alford</u> plea was valid and in substantial conformance with Federal Rule of Criminal Procedure 11.  We note that despite Rodriguez's earlier differences with his counsel, Rodriguez assured the District Court at the change-of-plea hearing that he was satisfied with counsel's advice. We also note that a factual basis for the plea existed--even though Rodriguez did not admit possessing the firearm and no fingerprint evidence was available--as the government presented sufficient evidence "for the court to reasonably determine that [he] committed the offense." <u>Roberson v. United States</u>, 901 F.2d 1475, 1477 n.3 (8th Cir. 1990) (holding Rule 11 does not require defendant admit facts supporting charge); <u>cf.</u> <u>United States v. Haney</u>, 23 F.3d 1413, 1417 (8th Cir.) (holding no fingerprints were necessary to establish defendant's possession of firearm where witness testified that he saw gun in defendant's possession and saw defendant drop object in precise location where gun was found), <u>cert. denied</u>, 115 S. Ct. 253 (1994).

Thus, by entering a valid <u>Alford</u>-type guilty plea, Rodriguez waived all issues preceding his plea except those relating to jurisdiction.  <u>See</u> <u>United States v. McNeely</u>, 20 F.3d 886, 888 (8th Cir.) (per curiam) (applying waiver principle in guilty-plea context), <u>cert. denied</u>, 115 S. Ct. 171 (1994); <u>United States v. Tunning</u>, 69 F.3d 107, 110-11 (6th Cir. 1995) (defining <u>Alford</u> plea as type of guilty plea).  We have reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and find no jurisdictional, sentencing, or other nonfrivolous issues for appeal.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.