77 F.3d 487
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Alfredo Milan RODRIGUEZ, also known as Alfredo Milan, also
known as Jose Rodriguez, also known as Jose
Rodrigues, Appellant.
 No. 95-2818.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 7, 1996.
Filed Feb. 23, 1996.
 
 Before FAGG, BOWMAN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alfredo Milan Rodriguez was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1994). After filing two unsuccessful motions to dismiss his appointed counsel, he entered a plea under North Carolina v. Alford, 400 U.S. 25 (1970), and the District Court[1] sentenced him to 72 months imprisonment. On appeal, Rodriguez's appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. Although Rodriguez was granted leave to file a pro se supplemental brief, he did not do so.
 
 
 2
 The plea transcript indicates that Rodriguez's Alford plea was valid and in substantial conformance with Federal Rule of Criminal Procedure 11. We note that despite Rodriguez's earlier differences with his counsel, Rodriguez assured the District Court at the change-of-plea hearing that he was satisfied with counsel's advice. We also note that a factual basis for the plea existed--even though Rodriguez did not admit possessing the firearm and no fingerprint evidence was available--as the government presented sufficient evidence "for the court to reasonably determine that [he] committed the offense." Roberson v. United States, 901 F.2d 1475, 1477 n. 3 (8th Cir.1990) (holding Rule 11 does not require defendant admit facts supporting charge); cf. United States v. Haney, 23 F.3d 1413, 1417 (8th Cir.) (holding no fingerprints were necessary to establish defendant's possession of firearm where witness testified that he saw gun in defendant's possession and saw defendant drop object in precise location where gun was found), cert. denied, 115 S.Ct. 253 (1994).
 
 
 3
 Thus, by entering a valid Alford-type guilty plea, Rodriguez waived all issues preceding his plea except those relating to jurisdiction. See United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam) (applying waiver principle in guilty-plea context), cert. denied, 115 S.Ct. 171 (1994); United States v. Tunning, 69 F.3d 107, 110-11 (6th Cir.1995) (defining Alford plea as type of guilty plea). We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and find no jurisdictional, sentencing, or other nonfrivolous issues for appeal.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri