United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1022
_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *      Appeal from the United States
        v.                                   *      District Court for the
                                             *      Northern District of Iowa.
Kenneth A. Frazier, also known as            *
Kenneth A. Frazier, Sr.,                     *         [UNPUBLISHED]
                                             *
            Appellant.                       *

_____

Submitted:  December 12, 1997
Filed:  December 24, 1997
_____

Before McMILLIAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

    Kenneth A. Frazier appeals his 188-month sentence imposed by the district court,[1] following his unconditional guilty plea to one count of possessing with intent to distribute methamphetamine.  Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and was granted leave to withdraw; Frazier did not avail himself of the opportunity to file a pro se supplemental brief.  We affirm.

_____

    [1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Frazier seeks to challenge the district court's denial of his motion to suppress. By unconditionally pleading guilty, however, Frazier has waived his right to appeal the search and seizure issues. See United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam) (valid guilty plea waives all nonjurisdictional defects and defenses), cert. denied, 513 U.S. 860 (1994). Any claim of ineffective assistance of counsel relating to his guilty plea is more appropriately resolved in a 28 U.S.C. § 2255 proceeding. See United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995).

Having carefully reviewed the record, we find no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988). We remind counsel, however, of their obligation in filing an Anders brief. Such a brief must be done as an advocate for the appellant, not the government, and should refer to anything in the record that might arguably support the appeal. See Evans v. Clarke, 868 F.2d 267, 268 (8th Cir. 1989).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.