# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4301

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Fernando A. Chavez, also known as | * | District of Nebraska. |
| Fernando Alvarez Chavez, also known | * | |
| as Fernando Chavez-Alvarez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 7, 2000
Filed: November 16, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Fernando Chavez pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Prior to sentencing, he moved to withdraw his plea, contending that his former attorney--who was replaced after the plea because his license to practice law had been suspended-- had not adequately communicated with him and had misled him about his case. The

district court[1] denied the motion without a hearing and sentenced Chavez to 87 months imprisonment and 5 years supervised release. Chavez appeals, arguing that the court should have conducted a hearing and should have allowed him to withdraw his plea.

We find no abuse of discretion. See United States v. Bahena, 223 F.3d 797, 807 (8th Cir. 2000) (standard of review). At the change-of-plea hearing, Chavez was assisted by an interpreter and was accurately informed of the prison term he faced; under oath, Chavez affirmed that he had had sufficient time to speak with his attorney, that he had told his attorney everything the attorney needed to know about his case, that he was satisfied with his attorney's representation, that he understood the charge against him, that he was pleading guilty freely and voluntarily, and that no one had promised him a lighter sentence. See id. at 806-07 (under very similar facts, defendant did not show any fair and just reason for withdrawing plea). Nor did the district court abuse its discretion by not holding a hearing on the motion. See United States v. Wojcik, 60 F.3d 431, 433 (8th Cir. 1995) (court need not hold hearing on plea-withdrawal motion if allegations are not grounds for withdrawal even if true).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.