# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1130

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Claude Allen Mansell, | * | Western District of Arkansas. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: August 7, 2001
Filed: August 15, 2001

_____

Before BOWMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Claude Mansell appeals the sentence imposed by the District Court[1] after he pleaded guilty to possessing methamphetamine with intent to distribute. 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (1994 & Supp. IV 1998). Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has filed a brief and moved to withdraw. Mansell has filed a pro se supplemental brief.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

We agree with counsel that the District Court's application of a career-offender enhancement does not run afoul of 21 U.S.C. § 851(a) (1994). See United States v. Wallace, 895 F.2d 487, 490 (8th Cir. 1990) (holding that application of § 851(a) is limited to situations in which convicted defendant's statutory penalty is enhanced under Part D of Title 21, and does not apply in  situations where defendant is assigned Guidelines base offense level and receives increased sentence within statutory range).

Mansell's guilty plea forecloses his challenge to the statutory classification of methamphetamine. See United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam) (holding that valid guilty plea waives all nonjurisdictional defects and defenses), cert. denied, 513 U.S. 860 (1994). Although Mansell argues that the information failed to allege a specific drug quantity, we observe that the calculation of his sentencing range was controlled by his career-offender status and his guilty plea under section 841(b)(1)(B)(viii). See U.S.S.G. § 4B1.1 (2000). Any complaints about his counsel's performance should be presented in 28 U.S.C. § 2255 proceedings, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995), and he cannot assert for the first time on appeal that his guilty plea was involuntary, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (holding that claim of involuntary guilty plea "first must be presented to the district court and [is] not cognizable on direct appeal").

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-