# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2820

_____

United States of America,

            Appellee,

vs.

Matthew Mark Montag,

            Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted:  December 12, 2001
Filed: January 16, 2002

_____

Before WOLLMAN and HANSEN, Circuit Judges, and BATTEY,[1] District Judge.

_____

PER CURIAM.

Matthew Montag (Montag) pleaded guilty to conspiracy to distribute five to fifteen kilograms of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Five months later, Montag filed a motion to amend his plea, or in the alternative, withdraw his plea. Montag asserted that he thought he was pleading guilty to conspiracy to distribute five to fifteen *pounds* of methamphetamine rather than five to fifteen *kilograms*. Additionally, he claimed that, due to his depression

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

and long-term substance abuse, his guilty plea was involuntary. Montag did not request a hearing, either in written motion or orally. On February 27, 2001, the district court[2] found that there was no "fair and just reason" to allow Montag to withdraw his plea, as Montag failed to present evidence of cognitive impairment at the time he entered his guilty plea before the court. As to the mistake between pounds and kilograms, the trial court found no basis to allow withdrawal because Montag had not claimed actual innocence of the charge, nor had he shown prejudice because the disparity in methamphetamine amounts had no effect on his sentence as a career offender. On July 9, 2001, the trial court sentenced Montag to 235 months imprisonment. Montag raises two issues on appeal. We affirm.

Montag contends that the district court erred when it denied his motion to withdraw or amend his guilty plea. He asserts that a hearing should have been held before the lower court made its determination. We review the district court's denial of Montag's motion to withdraw or amend his plea for abuse of discretion. United States v. Jones, 111 F.3d 597, 601 (8th Cir. 1997).

Under Rule 32(e) of the Federal Rules of Criminal Procedure, the court may permit a defendant to withdraw his plea before sentencing "if the defendant shows any fair and just reason" to do so. In United States v. Boone, this Court enumerated factors to determine whether to allow a presentence motion to withdraw a guilty plea. 869 F.2d 1089, 1091-2 (8th Cir. 1989). A court must consider the following:

 (1) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to withdraw;

_____

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

and (4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced.

Id.

The first ground Montag asserts is that his confusion between pounds and kilograms prevented him from entering a knowing and voluntary guilty plea. The Court has reviewed the transcript of the change of plea hearing held by the trial court and notes the thorough application of Fed. R. Crim. P. 11. At his plea hearing, Montag was repeatedly told his plea was to *kilograms* of methamphetamine. The trial court asked Montag if he understood Count I of the indictment, charging him with conspiracy to distribute more than 500 grams of methamphetamine. Change of Plea Hearing Transcript (Tr.) 8. Montag answered that he understood. Tr. 8. Next, the trial court advised Montag of the base offense level for five to fifteen kilograms of methamphetamine. Tr. 12. Then, when questioned by the Assistant United States Attorney, Montag was asked if he agreed that a reasonable estimate of the drugs he distributed during the course of the conspiracy was five to fifteen kilograms. Tr. 23. Montag responded affirmatively. Tr. 23. Finally, when asked for his plea to Count I of the indictment, charging him with conspiracy to distribute in excess of 500 grams of methamphetamine, Montag entered a plea of guilty. Tr. 25.

In its order denying Montag's motion to amend or withdraw his guilty plea, the district court determined that Montag was not asserting his legal innocence to the charges, but rather contesting the quantity of drugs. A distinction in drug quantities is generally relevant for sentencing purposes. See U.S.C. § 841; U.S.S.G. § 2D1.1(1)(c). Montag's base offense level of 37 would have remained unchanged, however, even if he pleaded to five to fifteen *pounds* of methamphetamine, as his plea would still have been for a quantity of drugs over 500 grams (5-15 pounds equals

2268-6804 grams[3]). See 21 U.S.C. § 841(b)(1)(A)(viii); U.S.S.G. § 2D1.1(1)(c)(2). Therefore, Montag's confusion did not prejudice his sentence, nor is he asserting actual innocence of the crime charged.

As to Montag's asserted mental health problems, Montag provided no evidence that depression or chemical use impaired his ability to enter a plea. Montag alludes to a psychiatric exam ordered prior to sentencing by the lower court, but Montag asserted no mental health impairment at his sentencing hearing. His counsel merely indicated that Montag was immature, had an "inability to understand," and "just doesn't get it." Sentencing Transcript 13-14. The presentence report indicated "periodic depression" and "suicidal ideation," but no discernable evidence of cognitive impairment at the time his plea was entered. Montag Presentence Report ¶ 60. See United States v. Fitzhugh, 78 F.3d 1326, 1329 (8th Cir. 1996) (affirmed the denial of defendant's motion where defendant presented no credible medical evidence supporting his claim that his heart condition impaired his memory, rendering his plea unknowing and involuntary); United States v. McNeely, 20 F.3d 886, 888 (8th Cir. 1994) (affirmed the denial of defendant's motion where defendant presented no evidence that his untreated hypoglycemia rendered his plea unknowing and involuntary).

The plea hearing transcript establishes that Montag understood the charge he was pleading to and entered his plea knowingly and voluntarily. The defendant bears the burden of establishing grounds for withdrawal of a plea, and Montag has not met this burden. See United States v. Wojcik, 60 F.3d 431, 434 (8th Cir. 1995). A district court is not required to hold an evidentiary hearing on a defendant's motion to withdraw his guilty plea where the allegations for withdrawal are not supported by specific facts. Id. citing United States v. Jagim, 978 F.2d 1032, 1037 (8th Cir. 1992).

---

[3] Measurement Conversion Table, U.S.S.G. § 2D1.1, Application Notes 10.

Neither did Montag request a hearing, nor did he object when the lower court denied his motion without a hearing.

One additional factor is that Montag waited nearly five months after entering his plea to seek withdrawal. See Boone, 869 F.2d 1089, 1092 (affirming district court's denial of defendant's motion to withdraw where defendant did not assert his legal innocence and waited two months before attempting to withdraw his guilty plea.)

Montag's second and final argument on appeal is that the district court improperly classified him as a career offender under U.S.S.G. § 4B1.1. This section states that a defendant 18 years of age or older at the time he committed the instant offense with an instant offense of conviction for controlled substances and with at least two prior felony convictions of crimes of violence is classified and sentenced as a career offender. U.S.S.G. § 4B1.1. Montag was previously convicted of at least two prior third-degree burglaries, two of which were of business establishments. The Eighth Circuit has held that burglaries of non-dwellings are considered crimes of violence for career offender purposes. United States v. Stevens, 149 F.3d 747, 749 (8th Cir. 1998); United States v. Hascall, 76 F.3d 902, 904-5 (8th Cir. 1996).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.