**Harold Edwin O'LEARY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 88–1133.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 19, 1988.
Decided Sept. 13, 1988.

Harold Edwin O'Leary, Springfield, Mo., for appellant.

Kathianne Knaup Crane, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

PER CURIAM.

Harold E. O'Leary appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. O'Leary pleaded guilty to mail fraud under 18 U.S.C. § 1341 and now challenges the sufficiency of the underlying indictment. We affirm.

O'Leary's activities as the assistant controller of Southern Comfort Corporation led a federal grand jury to indict him on eight counts of federal mail fraud. The indictment stated that O'Leary defrauded Southern Comfort of over $905,000 and its right to loyal, faithful, and honest service by its employees. Further, the indictment described a scheme in which O'Leary, acting without authorization, used the mail to deposit Southern Comfort corporate funds into a subsidiary's account. O'Leary then transferred the funds from that account to his personal account. At the plea hearing, O'Leary admitted he had done the acts recited in the indictment as part of the scheme to defraud Southern Comfort of its money. The district court sentenced O'Leary, and O'Leary later filed this section 2255 motion.

In pleading guilty, a defendant admits all of the factual allegations made in the indictment. *United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir.1979), *cert. denied*, 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980); *see Parrott v. Brewer*, 421 F.2d 1386, 1388 (8th Cir.1970) (per curiam). A defendant pleading guilty also waives all challenges that do not relate to jurisdiction. *Camp v. United States*, 587 F.2d 397, 399 (8th Cir.1978); *accord Hayle v. United States*, 815 F.2d 879, 881 (2d Cir.1987). In order to establish a jurisdictional defect, O'Leary must show that the indictment on its face fails to state an offense. *See DiFonzo*, 603 F.2d at 1263. He has failed to do so. The indictment clearly specified that using the mail to deposit corporate funds into the subsidiary account was a necessary part of O'Leary's scheme.

In addition, *McNally v. United States*, — U.S. —, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), does not provide a basis for overturning O'Leary's conviction. Although the scheme to defraud Southern Comfort of its right to loyal, faithful, and honest employees may not state an offense under *McNally*, *see id.* at —, 107 S.Ct. at 2881, the balance of the indictment charges a violation of the mail fraud statute. When "a fraud[ulent] scheme involves multiple objectives, some of which are insufficient to state an offense under *McNally*, the remaining * * * charges [are] sufficient to state the offense if they are 'easily separable' from the charges deemed insufficient." *United States v. Eckhardt*, 843 F.2d 989, 997 (7th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 106, — L.Ed.2d — (1988). Here, the reference in the indictment to loyal, faithful, and honest employees constitutes surplusage and thus does not affect the validity of the rest of the indictment. *See id.*

We have thoroughly considered the other contentions contained in O'Leary's section 2255 motion. Because these contentions depend on O'Leary's claim the indictment was insufficient, we find them meritless. Accordingly, we affirm.