**Cornelius SMITH, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 88–5486.**

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1989.

Decided June 2, 1989.

Rehearing and Rehearing En Banc Denied July 10, 1989.

Cornelius Smith, Oxford, Wis., pro se.

Joseph T. Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Cornelius Smith filed a motion to vacate, set aside, or correct his sentence based on several grounds. *See* 28 U.S.C. § 2255 (1982). The district court changed Smith's special parole from life to a three-year term, but denied all other relief. Smith responded by filing a motion to alter or amend the judgment. *See* Fed.R.Civ.P. 59(e). He also requested an evidentiary hearing. The court denied Smith's motion. Smith now appeals. Because all of Smith's contentions are meritless, we affirm.

As part of an agreement with the Government, Smith pleaded guilty to the following charges: receipt of a firearm by a felon, *see* 18 U.S.C. § 922(h) (1982), and possession with intent to distribute twenty-two grams of cocaine, *see* 21 U.S.C. § 841(a)(1) (1982). In exchange, the Government dismissed a count of the indictment that charged Smith with being an armed career criminal in possession of a firearm, *see* 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. III 1985) (repealed Nov. 1986). The Government also recommended to the district court that Smith's sentences run concurrently and that the court impose a three-year special parole term. At the plea hearing, the court concluded Smith was competent, his plea was voluntary, and a factual basis existed for the charges.

Smith filed few objections to the presentence investigation report (PSI). At his sentencing, Smith stated he had no other disagreements with the PSI. The district court indicated it would not consider the portion of the PSI to which Smith objected. The court then sentenced Smith as recommended by the Government, but ordered a special parole term of life.

In his section 2255 motion and related filings, Smith asserted several grounds for relief: (1) Smith did not violate 21 U.S.C. § 841(a)(1) because he possessed less than one hundred grams of cocaine; (2) the court committed error by sentencing Smith to special parole for life; (3) the PSI contained factual inaccuracies that the court did not properly address; (4) the authorities obtained evidence through an unconsti-

tutional search and seizure; (5) Smith's conviction violated his privilege against self-incrimination because it was based on a coerced confession; (6) his guilty plea was unlawfully induced and involuntary; (7) the prosecution failed to disclose favorable evidence to him—that possession of less than one hundred grams of cocaine did not violate section 841(a)(1); (8) Smith received ineffective assistance of counsel; and (9) Smith was not an armed career criminal because he had only state criminal convictions. On appeal, Smith essentially reasserts these claims. He also argues the district court committed error in not holding a hearing on his ineffective assistance claim. We turn to address his contentions.

■ In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction. *O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir.1988) (per curiam). Thus, Smith has waived his claims on search and seizure, privilege against self-incrimination, and failure to disclose favorable evidence.

■ Smith also argues he did not violate section 841(a)(1) and, thus, the district court lacked jurisdiction. We disagree. Although Smith possessed less than one hundred grams of cocaine, his possession with the intent to distribute clearly violated section 841(a)(1). Because Smith's criminal conduct occurred in April 1986, the court properly sentenced Smith under the then applicable penalty provision. *See* 21 U.S.C. § 841(b)(1)(B) (Supp. III 1985). We also reject as frivolous Smith's argument challenging the imposition of any special parole term. The applicable statute provided for special parole. *See id.; see also United States v. Portillo*, 863 F.2d 25, 26 (8th Cir.1988) (per curiam).

■ Smith next asserts he was not an armed career criminal because he had only state criminal convictions in April 1986. According to Smith, his counsel misadvised him about the applicable statute and, thus, Smith's plea was involuntary. The statute applicable in April 1986, however, included state convictions in defining who was an armed career criminal. *See* 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. III 1985) (re-

pealed Nov. 1986). We find Smith's argument meritless.

■ Smith's new challenges to his PSI must also fail. Because Smith did not raise these claims at sentencing, he is precluded from raising them in a section 2255 motion. *See Poor Thunder v. United States*, 810 F.2d 817, 822 n. 5 (8th Cir.1987); *Simmons v. United States*, 777 F.2d 660, 661–62 (11th Cir.1985) (per curiam).

■ Smith finally contends his plea was involuntary based on his counsel's ineffective assistance. We have reviewed the record of the sentencing hearing and conclude Smith's claims are without merit. An evidentiary hearing was not necessary. Thus, the court did not abuse its discretion in denying Smith's rule 59(e) motion. *See Roudybush v. Zabel*, 813 F.2d 173, 178 (8th Cir.1987) (denial of rule 59(e) motion reversed only if clear showing of abuse of discretion).

Accordingly, we affirm.