960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Wayne Mark BURNS, Appellant.
 No. 91-3406.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 14, 1992.
Filed: April 17, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Wayne Mark Burns pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 1000 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced Burns to 136 months imprisonment. Burns appeals his sentence, and we affirm.
 
 
 2
 Burns contends the district court committed error in adding two criminal history points for committing the conspiracy while on probation. U.S.S.G. § 4A1.1(d). Burns was placed on probation for an unrelated offense in November 1990. The district court found the conspiracy continued beyond November 1990. Burns, however, contends the conspiracy ended over a year earlier, sometime before November 1989, and the district court's finding to the contrary is clearly erroneous.
 
 
 3
 We review the district court's finding that the conspiracy continued beyond November 1990 for clear error. United States v. Wayne, 903 F.2d 1188, 1197 (8th Cir. 1990). In finding the conspiracy existed beyond November 1990, the district court properly relied on Burns's guilty plea and the language of the indictment, which charged Burns with engaging in the conspiracy from December 1985 through January 1991. United States v. O'Leary, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam) (guilty plea is admission to all factual allegations in the indictment). The district court also noted the absence of any evidence Burns withdrew from the conspiracy, see United States v. Askew, No. 90-2714, slip op. at 11-12 (8th Cir. Mar. 5, 1992), or that the conspiracy ended before January 1991. We thus conclude the district court's finding that the conspiracy continued beyond November 1990 is not clearly erroneous, and the court properly assessed the two additional criminal history points for committing the conspiracy while on probation.
 
 
 4
 Burns also contends his sentence violates the Ex Post Facto Clause, because the district court erroneously used the drug equivalency tables contained in the 1990 guidelines when calculating his sentence. Burns's contention is based on his assertion that the conspiracy ended before November 1, 1989, when the guidelines were amended to include more severe penalties for offenses involving methamphetamine. This contention is without merit. It does not violate the Ex Post Facto Clause to sentence a conspiracy defendant under a guideline that was amended upward during the course of the conspiracy. See United States v. Tharp, 892 F.2d 691, 693 (8th Cir. 1989). As discussed above, the district court's finding that the conspiracy continued beyond November 1990 is not clearly erroneous. Thus, the district court properly applied the guidelines in effect on the date Burns was sentenced. 18 U.S.C. § 3553(a)(4).
 
 
 5
 Accordingly, we affirm.