998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Juan Jose ARRIAGA, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 93-1354.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1993.
Filed: July 16, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Juan Jose Arriaga appeals from the final order entered in the United States District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons discussed below, we affirm.
 
 
 2
 Arriaga pleaded guilty to eight counts of drug trafficking, money laundering, and firearm offenses, and was sentenced to seven concurrent 84-month prison terms on the drug and money-laundering counts and a consecutive mandatory 60-month term on the firearm count, to be followed by 8 years of supervised release. This court affirmed his conviction and sentence on appeal. United States v. Arriaga, 972 F.2d 355 (8th Cir. 1992) (table).
 
 
 3
 In his § 2255 motion, Arriaga claimed that (1) evidence obtained in violation of his Fourth Amendment rights should have been suppressed; (2) his sentence was grossly disproportionate to the severity of the crime and violated his Eighth Amendment rights; (3) there was insufficient evidence to support his convictions for possession and distribution of cocaine; and (4) he was denied effective assistance of counsel when his counsel (a) failed to advise him of his right to appeal, (b) failed to challenge prior convictions used to enhance his sentence or advise him of the government's obligation to first file an information under 21 U.S.C. § 851(a)(1), (c) failed to raise the issue of multiplicity in the indictment and superseding indictment, (d) failed to challenge the multiple charges under 21 U.S.C. § 841(a)(1) as being duplicitous, and (e) failed to challenge the indictment on the firearm charge because the firearm was found thirteen miles from the drugs.
 
 
 4
 After the government responded, the district court denied the motion. The district court held that, by pleading guilty, Arriaga waived his right to challenge the search and seizure and the sufficiency of the evidence. The district court rejected Arriaga's disproportionality claim, and concluded the ineffective assistance claims were without merit.
 
 
 5
 On appeal, Arriaga reiterates his challenges to the search and to the sufficiency of the evidence on the charge of possessing cocaine with intent to distribute, and his claim that counsel was ineffective for not challenging the indictment on the firearm charge. He also argues for the first time that, but for his counsel's ineffectiveness, he would not have pleaded guilty, and that his counsel was ineffective for failing to reserve for appeal his Fourth Amendment challenge and his challenge to the firearm charge.
 
 
 6
 Arriaga's claim that counsel was ineffective for not challenging the firearm charge is without merit. The superseding indictment satisfied the elements under 18 U.S.C. § 924(c)(1) by charging that Arriaga did "knowingly and unlawfully use and carry a firearm, namely a loaded .357 magnum ... during and in relation to a drug trafficking crime." Moreover, despite his present argument that the gun was not found near the drugs, Arriaga admitted at his plea hearing that he used the firearm to protect his money and cocaine.
 
 
 7
 Arriaga does not assert on appeal any other basis, which he also presented below, to support that his plea was involuntary. By entering a valid plea of guilty, Arriaga waived all challenges to nonjurisdictional claims, see O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam), including challenges to the validity of a search and seizure, see Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Arriaga challenged the search in a pretrial motion, and he was advised at his plea hearing that, by pleading guilty, he was giving up any right to appeal the denial of his suppression motion. Similarly, Arriaga is precluded from challenging the sufficiency of the evidence on the drug charges where he voluntarily entered a guilty plea admitting the charges.
 
 
 8
 Arriaga asserts for the first time on appeal that counsel failed to advise him of the possibility of a conditional plea. Although we generally do not consider claims raised for the first time on appeal, we note that Arriaga cannot prove prejudice in light of the government's assertion that it would not have consented to his entry of a conditional plea. See Fed. R. Crim. P. 11(a)(2). Neither the Constitution nor Rule 11(a)(2) grants defendants the right to exercise a conditional plea. See United States v. Fisher, 772 F.2d 371, 374 (7th Cir. 1985) (per curiam). Arriaga does not appeal the denial of his other ineffective assistance claims or his disproportionality claim.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota