OPINION OF THE COURT
LEWIS, Circuit Judge.
Appellant William H. Spinner, III, appeals the judgment of conviction of the United States District Court for the Middle District of Pennsylvania. Because the District Court lacked jurisdiction over the indictment, we will reverse Spinner’s conviction and vacate this case to the District Court so that Spinner may be reindicted on Count I of the indictment and for further proceedings with respect to Count II.
I.
In Count I of an indictment filed on June 10, 1997, Spinner was charged with access device fraud in violation of 18 U.S.C. § 1029(a)(5). In Count II, Spinner was charged with bank fraud, in violation of 18 U.S.C. § 1344. Spinner appeared before the District Court on August 15, 1997, and entered a plea of guilty to Count I of the indictment. On June 4, 1998, the District Court sentenced Spinner to two years imprisonment. This timely appeal followed.
II.
“Happily, the rule that the indictment, to be sufficient, must contain all the elements of a crime ... is still a vital part of our Federal criminal jurisprudence.” United States v. Wander, 601 F.2d 1251, 1259 (3d Cir.1979) (quoting United States v. Knox Coal Co., 347 F.2d 33, 37 (3d Cir.1965)). To confer federal jurisdiction in this case, the interstate commerce element of the crime with which Spinner was charged must be alleged in the indictment. The United States, however, failed to allege the interstate commerce element of the crime in the indictment. It admits that “Count I of the indictment fails to allege that any of the transactions affected commerce.” Appellant’s Br. at 19. Nonetheless, it maintains that this is harmless *516 error, because Count II of the indictment does allege the federal jurisdictional element. We disagree.
The Supreme Court has stated that a defendant has a “substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error.” Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). The fact that the United States charged interference with interstate commerce in Count II of Spinner’s indictment is not a sufficient basis on which to find federal jurisdiction:
The charge that interstate commerce is affected is critical since the Federal Government’s jurisdiction of this crime rests only on that inference. It follows that when only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened.
Id. at 218. Without alleging an effect on interstate commerce in the first count, then, the indictment in this case was juris-dictionally defective.
When, as in this case, an indictment fails to allege all elements of an offense, the defect may be raised by the court sua sponte. We have held that “[fjailure of an indictment sufficiently to state an offense is a fundamental defect ... and it can be raised at any time.” Wander, 601 F.2d at 1259; see also Fed.R.Crim.P. 12(b)(2); United States v. Beard, 414 F.2d 1014, 1015 (3d Cir.1969) (quoting United States v. Manuszak, 234 F.2d 421, 423 (3d Cir.1956)).
Furthermore, notice alone cannot form a sufficient basis to validate a juris-dictionally defective indictment. In United States v. Hooker, 841 F.2d 1225 (4th Cir.1988) (en banc), the Fourth Circuit Court of Appeals held that “an effect on interstate commerce” was an essential element of a RICO offense without which an indictment was insufficient. It further held that notice alone was insufficient to validate the indictment: “The inclusion of all elements ... derives from the Fifth ■Amendment, which requires that the grand jury have considered and found all elements to be present.” Id. at 1230.
Finally, Spinner did not waive this jurisdictional defect by entering a guilty plea. In United States v. Caperell, 938 F.2d 975 (9th Cir.1991), the Ninth Circuit Court of Appeals held that “[although a guilty plea generally waives all claims of constitutional violation occurring before the plea, ‘jurisdictional’ claims are an exception to this rule.” Id. at 977 (quoting United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended at 907 F.2d 115 (9th Cir.1990) (“Claims that ‘the applicable statute is unconstitutional or that the indictment fails to state an offense’ are jurisdictional claims not waived by the guilty plea.”)); see also United States v. Rivera, 879 F.2d 1247, 1251 (5th Cir.1989); O’Leary v. United States, 856 F.2d 1142, 1143 (8th Cir.1988) (per curiam); United States v. Di Fonzo, 603 F.2d 1260, 1263 (7th Cir.1979). While a defendant’s guilty plea may be thought to waive a jurisdictional defect, see United States v. Bentz, 21 F.3d 37, 39 n. 2 (3d Cir.1994), we are faced here not with a defendant who pleads guilty and then wishes to challenge the facts that give rise to federal jurisdiction (such as an effect on interstate commerce), but with an indictment that does not allege those facts. It is only in the former case that courts have found jurisdictional challenges waived by a guilty plea. See id. While a challenge to jurisdiction-defeating factual allegations requires a court to go beyond the fact of the indictment, no such difficulty arises here. See United States v. Caperell, 938 F.2d 975, 977-78 (9th Cir.1991).
*517 III.
Since the United States failed to allege an essential element of the crime/in the indictment, we have no choice but to reverse and vacate Spinner’s conviction so that he may be properly indicted and remand for further proceedings.