# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4239

_____

United States of America,

      Appellee,

v.

Dennis Simmons,

      Appellant.

*
*
*
*  Appeal from the United States
*  District Court for the
*  Eastern District of Missouri
*
*  [UNPUBLISHED]
*

_____

Submitted: June 13, 2000
Filed: July 5, 2000

_____

Before: **WOLLMAN**, Chief Judge, **McMILLIAN**, Circuit Judge, and **PANNER**,[1] District Judge

PER CURIAM

Dennis Simmons, after pleading guilty to being a felon in possession of a firearm, appeals the district court's[2] denial of his motion to suppress evidence. Simmons's

---

[1]    The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2]    The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

unconditional guilty plea, however, waives his right of appellate review of all nonjurisdictional issues, including the denial of his motion to suppress. See United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989) (per curiam). Nonetheless, the government does not object to review on the merits, pointing out that the plea agreement does not contain an express waiver and that the court during sentencing told Simmons that he could appeal. Accordingly, although we conclude that Simmons has waived his right of review, we alternatively affirm the district court's denial of the motion to suppress.

The search and seizure in this case did not violate federal law. See United States v. Lewis, 183 F.3d 791, 793-94 (8th Cir. 1999) (noting that "the appropriate inquiry" is federal law and not state law), cert. denied, 120 S. Ct. 1180 (2000). The initial encounter was an "investigatory stop" that was amply justified by the anonymous tip and by witnesses at the scene. See United States v. Dupree, 202 F.3d 1046, 1049 (8th Cir. 2000); United States v. Marrero, 152 F.3d 1030, 1033 (8th Cir. 1998). Circumstances observed by the officer at the scene justified the protective frisk search. See United States v. Atlas, 94 F.3d 447, 450 (8th Cir. 1996); cf. United States v. Gray, ___F.3d ___, No. 99-3485 (8th Cir. June 12, 2000) (finding insufficient evidence of criminal activity to justify protective frisk). The subsequent discovery of heroin supplied the requisite probable cause to arrest Simmons. See United States v. Dawdy, 46 F.3d 1427, 1430 (8th Cir. 1995). The arrest justified the search of the vehicle and the seizure of the firearm. See United States v. Williams, 165 F.3d 1193, 1195 (8th Cir. 1999). Finally, Simmons's inculpatory statement was not made during the course of a custodial interrogation and was voluntary. See United States v. Carroll, 207 F.3d 465, 472 (8th Cir. 2000).

Simmons claims that the district court did not adequately review the record when affirming the magistrate's report and recommendation. The district court, however, expressly noted that it conducted a de novo review. <u>See</u> <u>Hosna v. Groose</u>, 80 F.3d 298, 306 (8th Cir. 1996).

We affirm the judgment of conviction.

McMILLIAN, Circuit Judge, concurring.

I do not agree that Simmons has waived appellate review; I would therefore decide the suppression issue on the merits. Because I agree that the district court did not err in denying the motion to suppress, I concur in the decision to affirm the judgment of the district court.

A true copy

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT