# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3917WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Western District |
| | * | of Missouri. |
| Marilyn M. Moss, also known as | * | |
| Margaret Whitman Bryant, also known | * | [Not To Be Published] |
| as Marilyn M. Bryant, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 1, 2001
Filed:  July 26, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
      Circuit Judges.

_____

PER CURIAM.

Marilyn Moss appeals pro se from her conviction, entered upon a guilty plea, for knowingly making a false statement in a bankruptcy proceeding, in violation of 18 U.S.C. § 152.  She was sentenced to six months' imprisonment to be followed by two years' supervised release.  Ms. Moss received credit towards the entire prison term in light of the 15 ½ months she spent in pretrial detention.  For reversal, Ms. Moss claims that she would not have pleaded guilty but for counsel's ineffectiveness in failing to

advise her that (1) the indictment did not set forth an offense because it did not allege that the false statement was material; (2) she should have received credit for time served towards the term of supervised release; (3) the government had been guilty of misconduct surrounding her arrest, warranting dismissal of the indictment; and (4) the conditions of her supervised release that she not possess a firearm, and that she not file frivolous papers in her bankruptcy action, are illegal. She also presents these as free-standing claims. We affirm.

## I.

Ms. Moss was arrested in Kansas by Kansas police officers on February 24, 1999, at the request of an FBI agent. On February 25, a federal criminal complaint was filed against her in the Western District of Missouri charging her with bankruptcy fraud. On March 2, 1999, she was charged in a two-count federal indictment with knowingly and fraudulently making false statements under penalty of perjury in a Chapter 7 bankruptcy case she had filed in the Western District of Missouri. Count I alleged that in a pleading seeking to postpone the creditors' meeting, she had misrepresented that she was extremely ill and could not attend the meeting; Count II alleged that she had subsequently filed a false declaration of her own death. Also on March 2, following a hearing, Ms. Moss was detained as a flight risk.

On April 16, 1999, Ms. Moss's attorney filed a motion for a judicial determination of Ms. Moss's competency to stand trial. On July 21, 1999, the District Court found that Ms. Moss was not competent to stand trial, and she was detained in a federal medical center until May 25, 2000, when the District Court found her competent. On June 8, 2000, Ms. Moss pleaded guilty to Count I of the indictment, the government dismissed the second count, and the District Court released her on bond.

On November 8, 2000, the District Court sentenced Ms. Moss to six months, the maximum term of imprisonment under the Sentencing Guidelines, with credit for the 15 ½ months already served, to be followed by two years supervised release.

## II.

In pleading guilty, a criminal defendant admits the factual allegations in the indictment and waives all nonjurisdictional defects. O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988). A claim that the indictment on its face fails to state an offense is a "jurisdictional" claim that is not waived. Id. Here, however, even if materiality of the false statement is an element of 18 U.S.C. § 152, Count I of the indictment alleges sufficient facts to satisfy this element. See United States v. Yagow, 953 F.2d 427, 433 (8th Cir.) (materiality of misrepresentation for purposes of bankruptcy fraud is not limited to statements that relate to the assets of the bankrupt estate), cert. denied, 506 U.S. 833 (1992).

Ms. Moss's claim of government misconduct surrounding her arrest was waived by her guilty plea. Her claims concerning the conditions of her supervised release are without merit. We also conclude that her claim that she is entitled to credit toward her two-year term of supervised release for the time she served in pretrial detention is without merit. See United States v. Johnson, 529 U.S. 53, 57 (2000) ("supervised release does not run while an individual remains in the custody of the Bureau of Prisons").

Accordingly, we affirm the conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.