**UNITED STATES of America,**

v.

**Timothy McGLOTHLIN, Appellant.**

No. 01-3528.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 8, 2002.

Opinion Filed April 23, 2002.

Before McKEE, BARRY, Circuit Judges and ALARCON, Senior Circuit Judge.

OPINION OF THE COURT

McKEE, Circuit Judge.

Timothy McGlothlin appeals his conviction for bank fraud under 18 U.S.C. § 1344. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. For reasons that follow, we will affirm the defendant's conviction.

Inasmuch as we write only for the district court and the parties who are familiar with the circumstances underlying the instant appeal, a comprehensive recitation of the factual background is not necessary. Accordingly, we will discuss the facts only to the extent they may be helpful to our brief discussion.

McGlothlin claims that his indictment was invalid because the government failed to allege sufficient facts to support federal jurisdiction. Specifically, he claims that the indictment only alleged that he defrauded "First Union Bank." McGlothlin argues that the indictment had to allege that he defrauded a "financial institution," as defined in 18 U.S.C. § 20 in order to support federal subject matter jurisdiction. Consequently, McGlothlin urges us to set aside his plea and the ensuing conviction, and remand this case to the district court.

The government argues, however, that "bank" and "financial institution" are synonymous with each other, and that the indictment therefore properly alleged the elements of bank fraud under 18 U.S.C. § 1344. Further, the government argues that we can take judicial notice that First Union is a financial institution within the meaning of the statute.

A valid indictment must contain all the elements of the crime alleged. *United States v. Spinner*, 180 F.3d 514 (3d. Cir. 1999). Under 18 U.S.C. § 1344, it is a crime to defraud a "financial institution." 18 U.S.C. § 1344 (2000). "Financial institution" is defined at 18 U.S.C. § 20 and includes, among other things, a bank insured by the Federal Deposit Insurance Corporation ("FDIC"). 18 U.S.C. § 20(1) (2000).

McGlothlin is correct in noting that the indictment here fails to allege that he defrauded a "financial institution." Rather, it merely alleges that he defrauded "First Union Bank." Although it would have been preferable to allege that First Union is a financial institution for purposes of bank fraud, the defect here is not fatal to our jurisdiction.

The Federal Rules of Evidence define a judicially noticed fact as one "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b).

First Union merged with Wachovia Corporation and is now this nation's fourth largest bank. Rick Brooks, Wachovia's Results Show Its Progress With Troubled Loans and Merger Costs, Wall St. J., Jan. 24, 2002, at B4. Anyone who passes through, or resides in, the eastern part of the United States will quickly realize that First Union has branch banks up and down the East Coast. It is publicly traded on the New York Stock Exchange under the stock ticker symbol "WB." Due to its size and preeminence in the banking industry First Union's status as a federally insured bank, and therefore, as a "financial institution", is beyond dispute. It is a fact that is both generally known, and capable of accurate and ready determination by sources that cannot reasonably be questioned. We will therefore take judicial notice that First Union is a "financial institution" under 18 U.S.C. § 1344. Consequently, we find that the indictment sufficiently alleges all the elements of 18 U.S.C. § 1344.

Accordingly, we will uphold the judgment of conviction and sentence.