ROGERS, Circuit Judge,
concurring:
I concur in the holding that the judgment of conviction must be reversed because the indictment failed to inform Pickett of the charges against him by omitting an essential element of the offense. I write separately regarding the government’s alternative argument that the error was harmless. The court states that we need not consider whether harmless error review applies, see op. at 68, rejecting the government’s position that it produced overwhelming and uncontroverted evidence of an “investigation or review” under 18 U.S.C. § 1001(c)(2). Op. at 68, 69. The court’s holding and evidentiary discussion, therefore, cannot properly be understood to endorse the government’s position that, notwithstanding the omission in the indictment of an element of the offense, which thereby denied the defendant notice of the charges against him, harmless error review would apply had the government’s evidence satisfied § 1001(c)(2).
The Fifth Amendment ensures the right not to be prosecuted for an infamous crime other than through an indictment. The Sixth Amendment provides that “the accused shall enjoy the right ... to be informed of the nature and cause of the accusation.” To be sufficient, then, an indictment must contain the essential elements of the offense intended to be charged, sufficiently apprise the defendant of what he must be prepared to meet, and establish an adequate record of the offense so that the defendant may plead double jeopardy in any related future proceeding. Russell v. United States, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1046-47, 8 L.Ed.2d 240 (1962). “The inclusion of all elements ... derives from the Fifth Amendment, which requires that the grand jury have considered and found all elements to be present.” United States v. Hooker, 841 F.2d 1225, 1230 (4th Cir.1988) (en banc).
Despite the Supreme Court’s adherence to the position that a conviction based on an indictment that fails to inform the defendant of the nature of the charges against him cannot stand, see Russell, 369 U.S. at 771-72, 82 S.Ct. at 1051-52; cf. Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960); see also United States v. Cruikshank, 92 U.S. 542, 558, 23 L.Ed. 588 (1875), the government would find legal authority for harmless error review in United States v. Cotton, 535 U.S. 625, 631-32, 122 S.Ct. 1781, 1785-86, 152 L.Ed.2d 860 (2002), and United States v. Prentiss, 256 F.3d 971, 981 (10th Cir.2001) (en banc). Appellee’s Br. at 22. Both cases are readily distinguished. As the court points out, Cotton concerned a sentencing factor under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and not the omission of an element of the offense. Op. at 68. And although there is broad language in the Tenth Circuit’s opinion, the court in Prentiss was neither confronted with an indictment that failed to provide the defendant with notice of the charges against him nor with a defendant who timely challenged the sufficiency of his indictment. Prentiss, 256 F.3d at 982.
*71 Given the law of this circuit, see United States v. Thomas, 444 F.2d 919 (D.C.Cir.1971), and the virtual unanimity among the circuits that, where an indictment failed to inform the defendant of the charges against him, a resulting conviction cannot stand,[1] the government fails to point to legal authority that would entitle Pickett’s conviction to harmless error review. Our holding reversing Pickett’s conviction for failure of the indictment to notify him of the charges against him thus concludes the analysis. The court’s further discussion of the government’s failure to present evidence of an “investigation or review” under § 1001(c)(2) serves only to demonstrate that the question of whether or not harmless error review could apply is not before the court. It does not mean that, had the government presented such evidence, harmless error review would be appropriate.

. See, e.g., United States v. Van Tran, 234 F.3d 798, 809 (2d Cir.2000) overruled on other grounds by United States v. Thomas, 274 F.3d 655, 666 (2d Cir.2001); United States v. Spinner, 180 F.3d 514, 516 (3d Cir.1999); United States v. Spruill, 118 F.3d 221, 227 (4th Cir.1997); United States v. Rudisill, 2000 WL 620314, 2000 U.S.App. LEXIS 10380 (4th Cir.2000) (unpublished); United States v. Nunez, 180 F.3d 227, 230-31 (5th Cir.1999); United States v. Ford, 872 F.2d 1231, 1235 (6th Cir.1989); United States v. Leichtnam, 948 F.2d 370, 377 (7th Cir.1991); United States v. Begnaud, 783 F.2d 144, 147 & n. 4 (8th Cir.1986); United States v. Novak, 217 F.3d 566, 574 (8th Cir.2000); United States v. Du Bo, 186 F.3d 1177, 1179-80 (9th Cir.1999); United States v. Keller, 916 F.2d 628, 634, 636 (11th Cir.1990); cf. United States v. Mojica-Baez, 229 F.3d 292, 308, 311 (1st Cir.2000); see also United States v. Woodruff, 1999 WL 776213, 1999 U.S.App. LEXIS 24320, at *4 n. 5 (9th Cir.1999) (unpublished).