

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2004

# USA v. Peppers

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3391

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Peppers" (2004). *2004 Decisions.* Paper 795.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/795

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3391
_____

UNITED STATES OF AMERICA

v.

RONNIE PEPPERS,
                              Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Civil Action No. 1:00-CR-00105
District Judge: Honorable Sylvia H. Rambo


Submitted Under Third Circuit L.A.R. 34.1(a)
April 20, 2004
_____

Before: SCIRICA, GARTH, and BRIGHT,[*] Circuit Judges

(Opinion Filed: April 21, 2004 )

OPINION
_____

_____

[*] Honorable Myron H. Bright, United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Garth, <u>Circuit</u> <u>Judge</u>:

Ronnie Peppers argues on appeal that the criminal statute to which he unconditionally pled guilty in the District Court is unconstitutional.  For the reasons set forth below, we will affirm.

**I.**

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of this case only as they are relevant to the following discussion.

In November 2000, the federal government charged Peppers with, among other things, committing first-degree murder.  Just before jury selection was to begin, Peppers announced that he wished to represent himself but the District Court Judge denied his request.  A jury subsequently convicted Peppers and the District Court Judge sentenced him to life in prison plus five years.  On appeal a three-judge panel of our Court vacated Peppers's conviction and remanded for a new trial because it determined that the District Court Judge had not properly ruled on Peppers's request to represent himself at trial.  *See United States v. Peppers,* 302 F.3d 120 (3d Cir. 2002).

On remand, Peppers entered into a plea agreement with the United States Attorney for the Middle District of Pennsylvania.  In exchange for the United States Attorney's promise to drop all of the other charges and to seek only an agreed-upon fifteen-year sentence, Peppers agreed to plead guilty to possessing a .22 caliber revolver as an armed career criminal in violation of 18 U.S.C. § 922(g)(1) (the "felon-in-possession" statute).

Following a hearing, the District Court Judge accepted Peppers's guilty plea and sentenced him to fifteen years in prison. The sentence also included five years of supervised release, a $1,200 fine, and a $100 special assessment. At the hearing, Peppers specifically acknowledged, through his attorney, that the revolver in question had traveled in interstate commerce.

Immediately following his sentencing, Peppers filed a notice of appeal. He argues on appeal that his conviction must be vacated because the felon-in-possession statute is unconstitutional insofar that it exceeds the powers granted to Congress under the Commerce Clause.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Our standard of review is "plain error" because Peppers acknowledges that he did not raise the Commerce Clause argument before the District Court. *See United States v. Gricco,* 277 F.3d 339, 350 (3d Cir. 2002). Under plain error review, we may grant relief only if the District Court committed an error, it was plain, and it affected substantial rights of the defendant. *United States v. Olano,* 507 U.S. 725, 732 (1993).

## III.

Peppers's argument is fairly simple. He contends that the felon-in-possession statute,[1] which makes it illegal for any person who has been convicted of a crime

---

[1] 18 U.S.C. § 922(g)(1).

punishable by at least one year in prison to possess "in or affecting commerce" any firearm, is unconstitutional because it does not require the government to prove that the firearm had a "substantial effect" on interstate commerce. While Peppers concedes in his appellate brief that our Court rejected this very argument in *United States v. Singletary,* 268 F.3d 196 (3d Cir. 2001), which is binding precedent, Peppers explains that the United States Supreme Court has not yet addressed this issue and he therefore raises it before our Court simply to preserve it for review by the Supreme Court.

We could easily affirm Peppers's conviction under *Singletary* (thereby clearing the way for Peppers to petition the Supreme Court for review), but the government asks us to take a different tack. The government contends that Peppers waived his right to challenge the constitutionality of the felon-in-possession statute by voluntarily entering a guilty plea in the District Court. *See Woodward v. United States,* 426 F.2d 959, 964 (3d Cir. 1970) ("A[n unconditional] plea of guilty waives all non-jurisdictional defenses . . . ."); *Abram v. United States,* 398 F.2d 350, 350 (3d Cir. 1968) (same). The government therefore asks us to either dismiss Peppers's appeal or summarily affirm his conviction without reaching the merits of his argument. In response to the government's request, Peppers does not dispute that an unconditional guilty plea waives all non-jurisdictional defects. He contends, however, that "[t]he preclusive effects of guilty pleas do not apply . . . to constitutional claims that go 'to the very power of the state to bring the defendant into court to answer the charge brought against him.'" (Reply Br. at 1 (quoting *Blackledge v.*

*Perry,* 417 U.S. 21, 30 (1974).) We disagree.

While Peppers's claim raises an issue of legislative jurisdiction, *see United States v. Ryan,* 41 F.3d 361, 363-64 (8th Cir. 1994) (describing Commere Clause claim as "a question of legislative jurisdiction"), that did not affect the District Court's jurisdiction to accept his guilty plea. One of our sister circuits recently considered this distinction also in the context of an appeal from an unconditional guilty plea, albeit interpreting a different statute, and gave the following explanation:

> Martin's argument rests on the concept that a guilty plea does not waive jurisdictional defenses to the crime at issue. *United States v. Nash,* 29 F.3d 1195, 1201 (7th Cir. 1994). But the nexus with interstate commerce, which courts frequently call the "jurisdictional element," is simply one of the essential elements of § 844(i). Although courts frequently call it the "jurisdictional element" of the statute, it is "jurisdictional" only in the shorthand sense that without that nexus, there can be no federal crime under the bombing statute. *Kanar v. United States,* 118 F.3d 527, 530 (7th Cir. 1997). It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.,* a court's constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. § 3231. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S. Ct. 1003, 1010, 140 L. Ed.2d 210 (1998). This court has recognized for decades that, despite defendants' tendency to "confuse[ ] facts essential to be alleged as elements of the crime with jurisdictional requirements arising as a matter of law," once a defendant pleads guilty in "*[a] court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case," the court's judgment cannot be assailed on grounds that the government has not met its burden of proving "so-called jurisdictional facts.*" *United States v. Hoyland,* 264 F.2d 346, 352-53 (7th Cir. 1959); *La Fever v. United States,* 279 F.2d 833, 834 (7th Cir. 1960). Even if the government fails to establish the connection to interstate commerce, the district court is not deprived of jurisdiction to hear the case. *See generally Steel Co.,* 118 S. Ct. at 1010- 13.

*United States v. Martin,* 147 F.3d 529, 531-32 (7th Cir. 1997) (emphasis added).

The same holds true here. Even assuming that the jurisdictional element was missing (an assumption we explicitly rejected in *Singletary*), the District Court still had subject matter jurisdiction to accept Peppers's guilty plea.[1] Because Peppers does not contend that his guilty plea was involuntary, he is foreclosed from raising his Commerce Clause claim on appeal.

For the foregoing reasons, the judgment of the District Court will be AFFIRMED.

---

[1] For the same reason, our decision in *United States v. Spinner,* 180 F.3d 514 (3d Cir. 1999) does not rescue Peppers's claim. In *Spinner,* the defendant had pled guilty to "access device fraud." *Id.* at 515. On appeal, the defendant argued that his conviction had to be vacated because the United States had neglected to allege the interstate commerce element of the crime in the indictment. *Id.* Under the applicable statute, access device fraud is a crime only if the "offense affects interstate or foreign commerce." 18 U.S.C. § 1029(a)(5). Here, the indictment specifically alleged that Peppers "did knowingly possess, in and affecting commerce, a firearm." (Joint Appendix at 34.) Moreover, Peppers acknowledged at his guilty plea hearing that the revolver had traveled in interstate commerce. Thus, Peppers, unlike the defendant in *Spinner,* cannot claim that the District Court lacked jurisdiction because the indictment *on its face* was missing the interstate commerce element. Rather, Peppers alleges that the interstate commerce element contained in the statute is not exacting enough, which, again, goes to *legislative* jurisdiction.