# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2290

_____

United States of America,               *
                                           *

        Appellee,          *   Appeal from the United States
                                         *   District Court for the

    v.                     *   District of Minnesota.
                                         *

Jorge Armando Salinas Alarcon,   *   [UNPUBLISHED]
                                         *

        Appellant.       *

_____

Submitted: April 7, 2009
Filed: April 9, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jorge Alarcon pled guilty to conspiring to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and the district court[1] sentenced him to the statutory minimum of 120 months in prison. On appeal, his counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Alarcon seeks appointment of new counsel and has filed a pro se supplemental brief.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Counsel argues in the *Anders* brief that the sentence imposed is unreasonable. We disagree. *See United States v. Vaughn*, 519 F.3d 802, 804-05 (8th Cir. 2008) (reviewing sentence for procedural error and substantive reasonableness), *cert. denied*, 129 S. Ct. 998 (2009); *see also United States v. Rojas-Coria*, 401 F.3d 871, 874 n.4 (8th Cir. 2005) (Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), has no impact on case involving sentence imposed as result of statutory minimum).

Alarcon's pro se argument that his guilty plea was not knowing or voluntary is not cognizable in this appeal, *see United States v. Villareal-Amarillas*, 454 F.3d 925, 932 (8th Cir. 2006) (claim that guilty plea was not knowing and intelligent was not cognizable on direct appeal where defendant did not attempt to withdraw guilty plea in district court); *United States v. Murphy*, 899 F.2d 714, 716 (8th Cir. 1990) (claim that guilty plea was involuntary must first be presented to district court and is not cognizable on direct appeal); and his claim that his counsel was ineffective is more properly raised in a motion under 28 U.S.C. § 2255, *see United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). By his guilty plea, Alarcon has waived any non-jurisdictional challenge to his prosecution, *see Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (per curiam), and he cannot challenge the drug quantity used for sentencing because he stipulated to the amount in his plea agreement, *cf. United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).

Having reviewed the record in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and deny Alarcon's motions.

The judgment of the district court is affirmed.

_____