**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-2865

———————

UNITED STATES OF AMERICA

v.

MIGUEL BELL, a/k/a MIZ, a/ka MIGGS,

Appellant

———————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-09-cr-00672-001)
District Judge: Honorable Gene E. K. Pratter

———————————————

Submitted under Third Circuit LAR 34.1 (a)
on September 11, 2012

Before: SCIRICA, ROTH and BARRY, <u>Circuit Judges</u>

(Opinion filed: October 5, 2012)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Miguel Bell appeals his conviction of bank fraud, conspiracy to commit bank

fraud, and aggravated identity theft on two grounds.  First, he argues that the trial court

erred in failing to dismiss the bank fraud charges because the indictment claimed that he defrauded a financial institution insured by the "Federal Deposit Corporation"—a nonexistent entity—instead of the Federal Deposit Insurance Corporation (FDIC). Second, Bell asserts that evidence obtained from seven cell phones seized from his automobile at the time of his arrest should have been suppressed because the warrant authorizing the search was overly broad. For the reasons that follow, we will affirm the judgment of the District Court.

## I. **Background**[1]

Bell was a member of an identity theft ring that stole over one million dollars from eight banks during a period ranging from at least September 2005 to August 2008. On October 15, 2009, following an investigation conducted by state and federal officials, Bell was indicted for bank fraud, conspiracy to commit bank fraud, and aggravated identity theft. The grand jury returned a superseding indictment on February 18, 2010. Count 1 of both the indictment and superseding indictment stated that Bell defrauded institutions insured by the "Federal Deposit Corporation." This term was incorporated by reference into the eleven counts of the indictment and superseding indictment charging Bell with bank fraud. Both the indictment and superseding indictment listed the FDIC certificate numbers of each of the eight banks that Bell was accused of defrauding. Further, the grand jury heard testimony stating that all eight banks were FDIC insured.

---

[1] We write primarily for the parties, who are familiar with the facts of this case. Therefore, we will set forth only those facts necessary to our analysis.

Before trial, Bell moved to suppress items seized from his automobile, including seven mobile phones found therein. The portion of Bell's motion challenging the lawfulness of the search included allegations that the search was done without a valid search warrant, that there was not probable cause or exigent circumstances for a search, that the search was without the consent of the owner of the seized items, and that the warrant was deficient on its face, contained stale information and emanated from unreliable individuals. The motion contained no assertion that the search warrant was overbroad. The District Court denied the motion to suppress.

On June 13, 2011, Bell's case proceeded to trial. On June 24, after the government rested its case, Bell made a motion for acquittal, arguing that the government failed to allege an essential element of the crime of bank fraud because Bell was charged with defrauding a financial institution insured by the nonexistent "Federal Deposit Corporation," instead of the FDIC.

In response, the government acknowledged that it had made a typographical error and moved to amend the superseding indictment to correct the mistake. The District Court granted the government's motion and denied Bell's motion for acquittal. A jury subsequently found Bell guilty of eleven counts of bank fraud and other crimes related to the identity theft ring. Bell appealed, arguing that (1) the indictment failed to allege an element of the offense of bank fraud and (2) the District Court should have suppressed photos, video, and internet browsing history that the government found on mobile phones seized from Bell's automobile.

3

## II. <u>Analysis</u>[2]

### A. The Indictment

A valid indictment must contain all the elements of the crime alleged. *See United States v. Spinner*, 180 F.3d 514, 516 (3d Cir. 1999). The bank fraud statute criminalizes defrauding a "financial institution." 18 U.S.C. § 1344. The definition of "financial institution" includes banks insured by the FDIC. *See* 18 U.S.C. § 20(1). Bell argues that, because the indictment and superseding indictment charge him with defrauding banks insured by the nonexistent Federal Deposit Corporation, the indictment is invalid and his conviction of eleven counts of bank fraud must be vacated. Bell further argues that the District Court should not have allowed the government to amend the superseding indictment after the error was discovered.

It is a "settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962). An amendment that is merely a matter of form is permissible in situations where the indictment is "sufficiently detailed that there could have been no confusion as to what the government alleged the defendants had done." *United States v. Nelson*, 852 F.2d 706, 715 (3d Cir. 1988); *see also United States v. Miller*, 116 F.3d 641, 669-70 (2d Cir. 1997) ("[T]he correction of merely

---

[2] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the sufficiency of an indictment *de novo*. *United States v. Al Hedaithy*, 392 F.3d 580, 587 (3d Cir. 2004). We review the District Court's legal conclusions in deciding a motion to suppress *de novo* and review factual determinations for clear error. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms.").

Here, there is no question that the use of the term Federal Deposit Corporation was a typographical error and, therefore, the amendment to the indictment was merely a matter of form. The record is replete with references to the FDIC—including references to each bank's FDIC certificate in the indictment as well as testimony before the grand jury stating that the banks were insured by the FDIC. Given the obvious similarity between the nonexistent Federal Deposit Corporation and the real FDIC, there could be no confusion about the charges brought against Bell. Consequently, Bell's argument that the District Court impermissibly allowed amendment of the indictment is without merit.

**B. The Motion to Suppress**

Bell argues that the search warrant was overbroad because there was no justification in the affidavits supporting the warrant application to permit the government to search photos, videos, or the internet browsing history stored on the seven mobile phones found in his automobile. However, in the District Court, Bell did not move to suppress on an overbreadth theory. "[S]uppression issues raised for the first time on appeal are waived absent good cause . . .." *United States v. Rose*, 538 F.3d 175, 177 (3d Cir. 2008). None of the four grounds for suppression that Bell brought before the District Court can be read as asserting that the warrant was overbroad in granting the government permission to search the photos, videos, or internet browsing history in Bell's mobile

5

phones. Bell offers no explanation of the waiver. As a result, Bell has waived the overbreadth argument that he raised for the first time in this appeal.

## I. __Conclusion__

For the foregoing reasons, we will affirm the judgment of the District Court.